NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-7028

DOMINIC SABBIA,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims
in case no. 09-2128, Judge Robert N. Davis.

ON MOTION

Before MICHEL, Chief Judge, FRIEDMAN and LINN, Circuit Judges.

PER CURIAM.

## O R D E R

The Secretary of Veterans Affairs moves to dismiss Dominic Sabbia's appeal from an order of the United States Court of Appeals for Veterans Claims denying a petition for a writ of mandamus. In the alternative, the Secretary moves for summary affirmance of that order.

On June 3, 2009, Sabbia filed a petition for a writ of mandamus with the Court of Appeals for Veterans Claims seeking payment based on his assertion that his father had filed a claim in 1981 for total disability based on unemployability. The Court of Appeals for Veterans Claims denied Sabbia's petition because there was no evidence that Sabbia's father had ever filed a disability claim with the Department of Veterans Affairs. This appeal followed.

The Federal Circuit has exclusive jurisdiction to review the validity of a decision of the Court of Appeals for Veterans Claims on a rule of law or of any statute or

regulation. See 38 U.S.C. § 7292(a). This rule applies as well when we review the validity of the Court of Appeals for Veterans Claims' application of the All Writs Act, which provides that the court may issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a); see Lamb v. Principi, 284 F.3d 1378, 1381 (Fed. Cir. 2002). But, absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a law or regulation as applied to the facts of a particular case" when evaluating a denial of writ." 38 U.S.C. § 7292(d)(2).

The issue in this appeal is whether the evidence indicated that Sabbia's father had filed a disability claim. That issue is a factual issue beyond this court's jurisdiction. Thus, this appeal must be dismissed.

Accordingly,

IT IS ORDERED THAT:

(1)     The Secretary's motion to dismiss is granted.

(2)     The Secretary's alternative motion for summary affirmance is denied as moot.

(3)     Each side shall bear its own costs.

FOR THE COURT

MAR 2 3 2010
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:    Dominic Sabbia
       Jessica R. Toplin, Esq.

s20

ISSUED AS A MANDATE:    MAR 2 3 2010

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 2 3 2010

JAN HORBALY
CLERK

2010-7028                                    2