NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7037

OLIVER C. GEBHART,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Oliver C. Gebhart, of Oregon, Missouri, pro se.

Armando Rodriguez-Feo, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Tracey P. Warren, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7037

OLIVER C. GEBHART,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-1764, Judge Alan G. Lance, Sr.

_____

DECIDED:  August 8, 2008

_____

Before MAYER, LOURIE, and PROST, Circuit Judges.

PER CURIAM.

Mr. Oliver C. Gebhart appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for extraordinary relief in the nature of a writ of mandamus.  We dismiss for lack of jurisdiction.

BACKGROUND

On July 2, 2007, Mr. Gebhart filed a petition for extraordinary relief in the nature of a writ of mandamus, asking the Veterans Court to order the Secretary to comply with a June 6, 2006 remand order from the Board of Veterans' Appeals ("Board").  On September 27, 2007, the Veterans Court denied Mr. Gebhart's petition, concluding that mandamus was not warranted under the circumstances, noting that "[t]he Secretary has

complied with the terms of the Board's remand without unreasonable delay, the petitioner has been informed of his appellate rights, and his appeal will be certified to the Board in due course." On November 14, 2007, the Veterans Court denied Mr. Gebhart's motion for reconsideration and entered judgment. Mr. Gebhart appeals the judgment of the Veterans Court.

DISCUSSION

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals of Veterans Court decisions. In review of a Veterans Court decision, this court decides "all relevant questions of law, including interpreting constitutional and statutory provisions" and sets aside any regulation or interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1). Except to the extent that an appeal of a Veterans Court decision presents a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Mr. Gebhart does not address the decision of the Veterans Court denying his petition for mandamus.[1] As previously noted, the Veterans Court explained

---

[1]    Similarly, Mr. Gebhart did not address the decision of the Veterans Court in his previous appeal to this court from an order of the Veterans Court denying an earlier petition for mandamus. See Gebhart v. Nicholson, 154 Fed. Appx. 207, 209 (Fed. Cir. 2005) ("Gebhart does not address the decision of the Veterans Court or reference his petition.").

its denial of mandamus by stating that "[t]he Secretary has complied with the terms of the Board's remand without unreasonable delay, the petitioner has been informed of his appellate rights, and his appeal will be certified to the Board in due course." While we have jurisdiction to review the Veterans Court's denial of mandamus in some circumstances—including those involving the interpretation of a regulation or statute, see Lamb v. Principi, 284 F.3d 1378, 1381 (Fed. Cir. 2002)—we do not have jurisdiction to consider Mr. Gebhart's appeal of the Veterans Court decision in this case because any such challenge would involve factual determinations and/or the application of law to the facts of this case.

Mr. Gebhart's brief on appeal also raises allegations unrelated to the Veterans Court's decision denying mandamus, including an argument regarding the denial of Reserve Officers' Training Corps ("ROTC") credits at Washington University. While Mr. Gebhart's arguments on this point are far from clear, he appears to argue that the denial of ROTC credits violated, inter alia, equal protection rights and the Civil Rights Act of 1964. We note that the Veterans Court decision, however, did not decide any constitutional issues. Additionally, we note that Mr. Gebhart's characterization of a question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack. See Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (explaining that an appellant's characterization of a question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack). In these circumstances, we conclude that Mr. Gebhart's undeveloped references on appeal to the Constitution are insufficient to provide a basis for this court's jurisdiction.

## CONCLUSION

Based on the foregoing analysis, we must dismiss this appeal for lack of jurisdiction.

## COSTS

Each side shall bear its own costs.