NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**ALBERT MORGAN, JR.,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7048

---

Appeal from the United States Court of Appeals for Veterans Claims in case No. 10-2403, Judge Mary J. Schoelen.

---

Decided: April 13, 2011

---

ALBERT MORGAN, JR., Little Rock, Arkansas, pro se.

CLAUDIA BURKE, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief

was MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

––––––––––––––––––

Before RADER, *Chief Judge*, PLAGER, and MOORE, *Circuit Judges*.

Per Curiam.

Albert Morgan, Jr. appeals from a decision of the U.S. Court of Appeals for Veterans Claims (Veterans Court), *Morgan v. Shinseki*, No. 10-2403 (Vet. App. Sept. 10, 2010), dismissing his petition for extraordinary relief in the form of a writ of mandamus as moot. For the reasons discussed below, we *dismiss* for lack of jurisdiction.

Mr. Morgan is a veteran of the Vietnam War. He served in the Army from 1969 through 1971. On June 18, 2004, the Department of Veterans Affairs Regional Office (RO) granted service connection for Mr. Morgan's sarcoid granulomatous hepatitis and amended an earlier service-connected knee condition. The decision also increased Mr. Morgan's disability rating and granted him entitlement to a total rating based upon individual unemployability.

In February 2009, Mr. Morgan filed a statement with the RO arguing that it had committed clear and unmistakable error (CUE) in its determination of an effective date for his disability. This was followed by a series of correspondence between the RO and Mr. Morgan. On April 29, 2009, the RO rejected Mr. Morgan's CUE claim.

On July 19, 2010, Mr. Morgan filed a petition for extraordinary relief in the form of a writ of mandamus with the Veterans Court. Mr. Morgan stated that the RO failed to respond to his CUE allegation for over a year and requested that the Veterans Court compel the RO to respond.

Before considering the petition, the Veterans Court required the VA to respond to Mr. Morgan's allegation that the RO failed to answer his CUE claim. After the VA filed its response showing that the RO denied the CUE claim on April 29, 2009, the Veterans Court dismissed Mr. Morgan's petition. The Veteran's Court stated that "a review of the Secretary's response and its attachments reveals that the Secretary has not refused to adjudicate the petitioner's claim" and that "the RO engaged in an exchange of correspondence with the petitioner to best ascertain the nature of the relief sought." The Veterans Court agreed with the VA that the April 29, 2009, decision by the RO was a response to the CUE claim and that the appropriate course of action for Mr. Morgan was to file a Notice of Disagreement with the April 29, 2009 decision. Thus, under *Cheney v. U.S. District Court*, 542 U.S. 367, 380-381 (2004), a writ of mandamus was inappropriate because there existed "adequate alternative means to attain the desired relief." The Veterans Court later denied Mr. Morgan's request for reconsideration on the grounds that Mr. Morgan "failed to present any point of law or fact that the court has overlooked or misunderstood."

Mr. Morgan appeals from the Veterans Court's decision, and our jurisdiction is defined under 38 U.S.C. § 7292(c). Section 7292 limits our jurisdiction over appeals of Veterans Court decisions. We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." *Id.* § 7292(a). However, absent a constitutional issue, we cannot review factual determinations or "challenge[s] to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

This limited jurisdiction extends to our review of the Veteran's court dismissal of a petition for a writ of mandamus. *See Lamb v. Principi*, 284 F.3d 1378, 1381-82 (Fed. Cir. 2002); *see also Gebhart v. Peake, 289 Fed. Appx. 402, 403 (Fed. Cir. 2008)* (non-precedential). A writ of mandamus is a drastic remedy that should only be invoked in "extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976). Three conditions must be met for a court to issue a writ: 1) there must be a lack of alternative means for review, 2) there must be a clear and undisputable right to the writ, and 3) the issuance must be warranted. *Cheney*, 542 U.S. at 380-81.

Mr. Morgan argues that the RO's decision violates, 38 C.F.R. § 4 Diagnostic Code 5003, which relates to "Arthritis, degenerative." He posits that the RO improperly considered degenerative arthritis during its evaluation based on erroneous medical reports. He argues that this was CUE and a review of the correct reports would result in an earlier effective date for his disabilities.

We agree with the government that we lack jurisdiction to review Mr. Morgan's appeal. The Veterans Court found that the April 29, 2009 letter from the RO was a response to Mr. Morgan's CUE claim. Thus, the Veterans Court denied his petition for a writ of mandamus and informed him that the proper avenue for appeal was to file a Notice of Disagreement. This is both a fact-finding—that the RO timely responded—and an application of law to fact—that the writ was improper because there were alternative appeal routes. We further note that Mr. Morgan's underlying arguments regarding the use of erroneous medical reports in violation of 38 C.F.R. § 4 are also factual in nature and would be beyond the reach of our jurisdiction. Because Mr. Morgan fails to allege any legal error in this case and we lack jurisdiction

to review Mr. Morgan's factual challenges, we must dismiss Mr. Morgan's appeal for lack of jurisdiction.

**DISMISSED**

Costs

No costs.