NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CAROL M. COLEMAN,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7037

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 11-1903, Judge Robert N. Davis.

---

Decided: May 11, 2012

---

CAROL M. COLEMAN, of Little Rock, Arkansas, pro se.

DEVIN A. WOLAK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director.

———————————————

Before PROST, MOORE, and WALLACH, *Circuit Judges*.

PER CURIAM.

Carol M. Coleman appeals an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying her petition for a writ of mandamus. *Coleman v. Shinseki*, No. 11-1903, 2011 WL 3815265 (Vet. App. Aug. 31, 2011) ("Order"). Because Mrs. Coleman possesses adequate alternative means to pursue the relief she requests by direct appeal, we conclude that the Veterans Court did not abuse its discretion in denying mandamus relief. Accordingly, we *affirm*.

## BACKGROUND

Chester R. Coleman served in the United States Army and was granted claims for service connection peripheral neuropathy and sleep apnea in 2003. After he passed away on September 8, 2004, his wife, Mrs. Coleman, applied for and was granted dependency and indemnity compensation ("DIC") on December 7, 2004. In May 2010, Mrs. Coleman filed another application for service connection entitlement for DIC and asserted she was already receiving a "DIC-death pension." The regional office ("RO") responded on June 15, 2010, explaining that although she may be entitled to a death pension, her benefit was higher under the DIC rate and therefore, the Department of Veterans Affairs ("VA") was paying her the higher DIC benefit. On November 13, 2010, Mrs. Coleman submitted a form stating that she felt she was entitled to receive the same benefits her husband had collected before his death. In response, on February 1, 2011, the RO stated that those benefits were only payable to Mr. Coleman. On February 18, 2011, Mrs. Coleman submitted a form, titled "Notice of Disagreement"

("NOD"), expressing that she disagreed with the RO's decision about her "periodic monetary benefits" based on 38 U.S.C. § 5121. The RO responded on March 14, 2011, asserting that the NOD was not valid because Mrs. Coleman did not indicate which decision she disagreed with. Mrs. Coleman responded on June 1, 2011 stating that her claim for service connection DIC "periodic monetary benefits," the NOD, and the RO's response from March 14, 2011, were all relevant to the issues she was raising, and she was seeking review of her claim for DIC under 38 U.S.C. § 5121.

On June 6, 2011, Mrs. Coleman filed the writ of mandamus at issue; the Veterans Court summarized:

> In it, Ms. Coleman alleges that VA unreasonably delayed an award of [DIC] to which she is entitled. She also states that she is seeking judicial review of 38 U.S.C. § 5121 (allowing for the payment of accrued benefits on the death of a beneficiary) and its application to her DIC claim.

> On August 15, 2011, the Secretary filed a response to the petition. In it, he asserts that VA awarded Ms. Coleman DIC benefits in November 2004. To the extent that Ms. Coleman is asserting a disagreement with the amount awarded, the Secretary notes that on August 12, 2011, the VA regional office issued a Statement of the Case (SOC) as to that matter. The SOC also addressed Ms. Coleman's request for accrued benefits.

Order at 1. The Veterans Court denied the petition for two reasons. *Id.* at 2. First, the Veterans Court reasoned that Mrs. Coleman had not exhausted her administrative remedies because she could still appeal the SOC. *Id.* Second, the Veterans Court could not identify any delay sufficient for the issuance of a writ. *Id.*

DISCUSSION

This court's review of decisions of the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). Unless an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

The government argues that this court lacks jurisdiction over the appeal because Mrs. Coleman does not challenge the validity or interpretation of a statute, regulation, or a Constitutional issue relied upon by the Veterans Court. However, although our review of Veterans Court decisions is limited, we do possess jurisdiction over an appeal challenging the Veterans Court's denial of a petition for a writ of mandamus. *See Hargrove v. Shinseki*, 629 F.3d 1377, 1379 (Fed. Cir. 2011) (affirming the Veterans Court's denial of claimant's petition for writ of mandamus because claimant had alternative means to attain relief); *Lamb v. Principi*, 284 F.3d 1378, 1381-82 (Fed. Cir. 2002) (reasoning that this court has jurisdiction to review the Veterans Court's denial of a writ of mandamus). We review the Veterans Court's denial of a petition for a writ of mandamus for abuse of discretion. *Lamb*, 284 F.3d at 1384. Accordingly, we examine the issue of whether denying the writ was an abuse of discretion. "A writ of mandamus is an extraordinary remedy." *Hargrove*, 629 F.3d at 1379 (citations omitted). A writ should not be issued unless: (1) the petitioner has no other adequate alternative means to attain the desired relief; (2) the petitioner has established a clear and indisputable right

to the writ; and (3) the court, "in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004) (citing *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976)).

The Veterans Court correctly denied Mrs. Coleman's petition because she had adequate alternative means to attain the requested relief. The Veterans Court's decision explained how much time Mrs. Coleman had to file an appeal to the Board of Veterans' Appeals ("Board") and, if the Board rendered an unfavorable decision, how much time she had to seek judicial review before the Veterans Court. We do not express any opinion about Mrs. Coleman's underlying claims as the only issue before us on appeal is whether the Veterans Court properly denied a petition for a writ of mandamus when Mrs. Coleman could still avail herself of appeal rights. We conclude the Veterans Court properly denied that writ.

## AFFIRMED

### COSTS

No costs.