# United States Court of Appeals for the Federal Circuit

---

**JOHNNIE H. BEASLEY, JR.,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki,**
**SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7029

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-1931, Judge Robert N. Davis.

---

Decided: March 11, 2013

---

KENNETH M. CARPENTER, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

ALEX P. HONTOS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, MARTIN F. HOCKEY, JR., Assistant Director, and NELSON R. RICHARDS, Trial Attorney. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General

Counsel and MARTIE ADELMAN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before NEWMAN, BRYSON, and O'MALLEY, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* BRYSON.

Opinion concurring in part and dissenting in part filed by *Circuit Judge* NEWMAN.

BRYSON, *Circuit Judge.*

I

Johnnie H. Beasley, Jr., is a veteran of the War in Vietnam who suffers from Post-Traumatic Stress Disorder ("PTSD"). After initially denying his claim for benefits, the Department of Veterans Affairs ("DVA") found in 1992 that Mr. Beasley's PTSD was service-connected and granted him a disability rating of 30 percent, effective July 23, 1990. In 1997, the DVA found that Mr. Beasley's PTSD entitled him to a rating of total disability based upon individual unemployability ("TDIU") with an effective date of June 5, 1996. In 2006, the DVA modified the effective date for Mr. Beasley's TDIU rating to September 12, 1994, and in 2008 it rated Mr. Beasley as 100 percent disabled due to PTSD, effective January 1, 1994.

In 2010 the Board of Veterans' Appeals found clear and unmistakable error in the initial rating of Mr. Beasley's PTSD disability in 1992 and revised the effective date of that disability to July 18, 1987. The Board directed the regional office on remand to determine Mr. Beasley's disability rating from that effective date and to identify the effective date of his TDIU rating in light of the effective date of his disability. The Board further directed the regional office to "consider whether the Veteran . . . should undergo a clinical evaluation and/or retrospective medical evaluation to ascertain the severity

of PTSD since July 18, 1987." Following a medical evaluation, the regional office rated Mr. Beasley as 50 percent disabled by PTSD, effective July 18, 1987.[1]

On March 11, 2011, Mr. Beasley's attorney sent a letter to his DVA treating physician, requesting an opinion that would support Mr. Beasley's efforts to obtain a "70% rating for his PTSD from May 1985 and a total rating from January 1, 1992." The letter attached Mr. Beasley's medical records from 1985 to 1994, along with four lay affidavits regarding Mr. Beasley's condition and behavior after he returned from Vietnam. Those affidavits had not previously been submitted to the DVA.

A DVA attorney replied by letter and explained that the DVA had directed the physician not to respond to the request from Mr. Beasley's counsel. The letter expressed concern that permitting a DVA treating physician to provide the evaluation Mr. Beasley sought would present "a conflict of interest." It cited Veterans Health Administration ("VHA") Directive 2008-071, paragraph 4d, which counsels VHA physicians "to avoid conflict of interest and ambiguity" when dealing with veterans' requests for medical statements. The directive states in subparagraph (I) that VHA providers "often do not have access to military medical records, and may not be familiar with all the health issues specific to military service . . . . As a result, they may not feel comfortable in stating causality of a current condition." Subparagraph (2) adds that

---

[1] Mr. Beasley appealed that decision to the Board. On January 9, 2012, the Board found that the effective date of service connection for Mr. Beasley's PTSD was May 13, 1985. The Board remanded the case to the regional office to decide a new effective date for his TDIU rating in light of the new effective date for his PTSD. The Board's 2012 ruling post-dates the decision that is the subject of this appeal.

"[r]equests by a veteran for assistance in completing a VA disability claim are to be referred to [the Veterans Benefits Administration] through official channels." The DVA attorney's letter advised that if Mr. Beasley wished to continue to press his claim for an increased rating, he "should follow the appropriate appeals procedure outlined in [the] decision" by the regional office.

Mr. Beasley then petitioned the Court of Appeals for Veterans Claims ("CAVC") for a writ of mandamus ordering the DVA to direct the treating physician "to provide an opinion letter that would assist Mr. Beasley in substantiating the nature and extent of his service connected disability for the purpose of evaluating his disability for rating purposes." Mr. Beasley argued that the Secretary's refusal to allow the DVA treating physician to provide a medical opinion in light of his newly submitted lay evidence breached the DVA's duty to assist under 38 U.S.C. § 5103A(a)(1).

The CAVC denied the petition, noting that Mr. Beasley had failed to satisfy any of the three requirements for the extraordinary relief of mandamus. *See Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004). First, the court explained that Mr. Beasley had not shown that he had a clear and indisputable right to the writ. The CAVC noted that 38 U.S.C. § 5103A(d)(1) requires the DVA to obtain a medical opinion when it is needed to decide a veteran's claim, but that it does not entitle the veteran to a medical opinion by a DVA treating physician of the veteran's choice. Second, the CAVC held that Mr. Beasley had failed to show why an appeal to the Board would not provide an adequate alternative means to obtain the relief he sought. Third, the CAVC observed that Mr. Beasley had not identified any other special circumstances relating to his case that would warrant granting the writ. Mr. Beasley appealed to this court from that ruling.

## II

The government's threshold argument is that this court lacks jurisdiction to decide Mr. Beasley's appeal. Because this court lacks jurisdiction to review a "challenge to a law or regulation as applied to the facts of a particular case," 38 U.S.C. § 7292(d)(2), the government urges us to dismiss Mr. Beasley's appeal.

We reject the government's jurisdictional argument. Mr. Beasley's claim on the merits is that the DVA's duty to assist, as set out in 38 U.S.C. §§ 5103A(a)(1) and 5103A(d)(1), includes an obligation to provide the sort of retrospective medical opinion, based on lay evidence not submitted to the Board, that he is seeking from his DVA treating physician. As such, his claim raises a question regarding the scope of the legal obligation imposed on the DVA under section 5103A. That is a legal issue that we have jurisdiction to decide under section 7292(d)(1).

Mr. Beasley's choice to present that legal question in a petition for mandamus does not deprive this court of jurisdiction. A request for relief by way of mandamus is a claim of legal entitlement to a particular remedy. To obtain that remedy, the petitioner must show (1) that he has a clear legal right to relief; (2) that there are no adequate alternative legal channels through which the petitioner may obtain that relief, and (3) that the grant of mandamus relief is appropriate under the circumstances. *See Cheney*, 542 U.S. at 380–81; *Hargrove v. Shinseki*, 629 F.3d 1377, 1378 (Fed. Cir. 2011). The resolution of those issues determines the availability of the extraordinary remedy of mandamus in the event the petitioner establishes a legal injury. Addressing the issues that bear on the availability of that remedy does not require consideration of the factual merits of a veteran's claim or the manner in which a rule governing veterans' benefits has been applied to particular facts.

We have previously held that 38 U.S.C. § 7292(d)(2), the statutory provision that bars this court from entertaining "a challenge to a law or regulation, as applied to the facts of a particular case," seems to address "primarily the laws and regulations relating to veterans cases that the [CAVC] applies and administers. It is unlikely that it was intended to insulate from our review that court's decisions under the All Writs Act," including whether to grant the remedy of mandamus. *Lamb v. Principi*, 284 F.3d 1378, 1381 (Fed. Cir. 2002). Although section 7292(d)(2) prevents this court from reviewing "the factual details of veterans' benefits cases, such as whether the veteran's disability is service connected, when it began, and the extent of the disability," there is no indication that "Congress intended to insulate from judicial review [the CAVC's] ruling on mandamus petitions." *Id.* at 1381–82.

At one point in its brief, the government seems to suggest that the question whether a petitioner has an adequate alternative remedy would inherently require the application of law to fact. That suggestion, which would potentially deprive this court of jurisdiction in all mandamus cases, is contrary to *Lamb* and to this court's consistent practice of exercising jurisdiction over mandamus petitions that raise legal issues otherwise within our jurisdiction. This court first recognized the CAVC's jurisdiction to issue the writ of mandamus in *Cox v. West*, 149 F.3d 1360 (Fed. Cir. 1998), and we have subsequently reviewed the CAVC's exercise of that jurisdiction. *See, e.g.*, *Bates v. Nicholson*, 398 F.3d 1355, 1366 (Fed. Cir. 2005) (directing the CAVC to issue writ of mandamus). In *Cox* itself, this court reviewed a CAVC decision denying mandamus, vacating and remanding the CAVC's determination on the issue of adequate alternative means. 149 F.3d at 1365–66.

In support of its jurisdictional argument, the government points to two non-precedential decisions of this court

dismissing a veteran's appeal from the denial of mandamus as a challenge to the CAVC's factual findings, or to that court's application of law to fact. Those non-precedential decisions, however, are not helpful to the government.

In the first of those cases, *Gebhart v. Peake*, 289 F. App'x 402 (Fed. Cir. 2008), we dismissed an appeal from the denial of a mandamus petition to compel the Secretary to comply with a Board remand order. The CAVC had held that "[t]he Secretary has complied with the terms of the Board's remand without unreasonable delay." *Id.* at 403. On appeal, the petitioner failed to even "address the decision of the Veterans Court denying his petition for mandamus." *Id.* Under those circumstances, we reasoned that the petitioner was simply objecting to the speed of the Secretary's actions. The disputed legal questions had been resolved by the Board, and the petitioner identified no legal right that required protection through a writ of mandamus.

In the second of the government's two cases, *Morgan v. Shinseki*, 428 F. App'x 974 (Fed. Cir. 2011), we dismissed an appeal regarding a mandamus petition to compel the Secretary to answer a veteran's claim of clear and unmistakable error. The CAVC concluded that "a review of the Secretary's response and its attachments reveals that the Secretary has not refused to adjudicate the petitioner's claim." *Id.* at 975. As in *Gebhart*, the veteran in *Morgan* raised a factual dispute and "fail[ed] to allege any legal error." *Id.* at 976. Mr. Beasley, by contrast, presents a legal question as to the proper interpretation of a statute.[2]

---

[2] Other non-precedential decisions in which this court has dismissed appeals from CAVC decisions denying mandamus petitions are distinguishable from this case on similar grounds, as they all involved petitions directed to

The government argues that we cannot review the CAVC's decision in this case without determining whether the medical examination Mr. Beasley had already received was insufficient. For example, the parties dispute whether the medical examination Mr. Beasley received was actually retrospective, i.e., whether it focused on the proper time frame at issue in his claim. But that mischaracterizes the legal issue that Mr. Beasley raises. Mr. Beasley contends that, regardless of the accuracy or quality of his previous examination, he was entitled to a second examination from his treating physician considering previously undisclosed lay evidence, a procedure that the parties agree he did not receive. In reviewing the CAVC's decision on the petition for mandamus, this court must ask whether the DVA appeals process provides an adequate alternative mechanism for Mr. Beasley to assert that right. If a legal question such as the one Mr. Beasley presents is not within this court's jurisdiction, it is not clear when we could ever review the CAVC's determination not to issue a writ of mandamus.

This court has jurisdiction to review the CAVC's decision whether to grant a mandamus petition that raises a non-frivolous legal question, such as the one Mr. Beasley presents. We may not review the factual merits of the veteran's claim, but we may determine whether the petitioner has satisfied the legal standard for issuing the writ. In conducting such a review, we do not interfere with the CAVC's role as the final appellate arbiter of the facts underlying a veteran's claim or the application of veterans' benefits law to the particular facts of a veteran's case.

---

factual issues or raising frivolous legal claims. *See, e.g.,* *Sabbia v. Shinseki*, 370 F. App'x 102 (Fed. Cir. 2010); *Scott v. Shinseki*, 355 F. App'x 426, 429 (Fed. Cir. 2009); *Woznick v. Peake*, 327 F. App'x 884, 885 (Fed. Cir. 2008); *Perry v. Peake*, 280 F. App'x 981, 983 (Fed. Cir. 2008).

## III

On the merits, Mr. Beasley did not establish that he was entitled to a writ of mandamus as a matter of law. First, he failed to show that he had a clear right to the relief he was seeking. His petition requested an order compelling the Secretary to direct Mr. Beasley's DVA treating physician to conduct a retrospective medical examination. But neither section 5103A(a)(1) nor section 5103A(d)(1) imposes an open-ended obligation on the DVA to provide a medical examination or opinion upon demand; section 5103A(d)(1) states that the duty to assist requires the DVA to provide a medical examination "when such an examination . . . is necessary to make a decision on the claim." The Board's June 2010 remand order required the regional office to "consider" providing a clinical evaluation, a retrospective medical evaluation, or both. The DVA conducted a medical examination pursuant to both its statutory duty and the remand order; it is not indisputably clear that Mr. Beasley's new lay evidence entitles him to a second medical examination as a matter of law.

Moreover, Mr. Beasley has failed to show a lack of adequate alternative means to obtain the relief he seeks. He concedes that "[t]he appeals process can require [the DVA], after considerable delay, to provide the requested assistance." Therefore, even treating Mr. Beasley's legal claim as limited to requesting that the regional office or the Board consider his newly submitted lay evidence, mandamus is still inappropriate. After filing the petition at issue here, Mr. Beasley received an earlier effective date for service connection for his PTSD, and the Board remanded the issue of his TDIU rating for further consideration. Those events reflect the manner in which claims are typically processed and reevaluated when a veteran brings new evidence to light on appeal. *See* 38 C.F.R. § 20.302(b)(2). Mr. Beasley may be frustrated by the lengthy history of his case, but he has not shown that he

has been uniquely burdened by the duration of the appeals process, and he points to no other special circumstances that would justify issuance of the writ in his case. He argues that the DVA is acting unlawfully by denying him his requested retrospective examination, but that allegation does not distinguish his position from that of any other veteran who claims that the DVA failed to assist him. Those contentions are properly addressed to the Board on appeal.

Granting Mr. Beasley's mandamus petition, although it would advance his case, would necessarily displace other cases that are awaiting adjudication, and it would thereby delay the disposition of the claims of other veterans who have followed the prescribed procedures of the veterans' benefits system. If adopted more broadly, Mr. Beasley's argument could lead to the widespread use of the writ of mandamus as a substitute for the ordinary appeals process mandated by Congress, at least in cases in which the veteran claims that the DVA breached its duty to assist. That is not a result that would be beneficial to the system as a whole, and it is certainly not one contemplated by Congress. Accordingly, we hold that the CAVC did not commit legal error in denying the petition for a writ of mandamus in this case.

**AFFIRMED.**

# United States Court of Appeals for the Federal Circuit

---

**JOHNNIE H. BEASLEY, JR.,**
*Claimant-Appellant,*

**v.**

**Eric K. Shinseki,**
**SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7029

---

Appeal from the United States Court of Appeals for Veterans Claims in 11-1931, Judge Robert N. Davis.

---

NEWMAN, *Circuit Judge*, concurring in part, dissenting in part.

I agree that this court has jurisdiction to receive this mandamus petition. My concern is with the decision on that petition.

Veteran Beasley asked the VA physician who had previously examined him, to consider the veteran's additional evidence of symptoms he exhibited after service, and to present the physician's opinion to the VA. The VA, through counsel, instructed the physician not to respond to the request; VA counsel explained to the veteran's counsel:

I have instructed Dr. Denker not to respond to your inquiry. Determinations of causality and

> disability are exclusively a function of the Veter-
> ans Benefits Administration (VBA). This is an ad-
> judication function and VA providers do not have
> access to all relevant information to make such a
> determination plus it presents a conflict of inter-
> est. See, VHA Directive 2008-071, paragraph 4d,
> dated October 29, 2008.

Letter from Assistant Regional Counsel, Dept. of Veterans
Affairs, to Attorney for Mr. Beasley (April 8, 2011). The
cited paragraph 4d of the VHA Directive states:

> When honoring requests for medical statements
> by veterans for VA claims adjudication, care must
> be taken to avoid conflicts of interest or ambigui-
> ty.

VHA Directive 2008-071 (Oct. 29, 2008). Here, the physi-
cian was instructed not to "honor the request" for a medi-
cal opinion, stating that "it presents a conflict of interest."
Is the VA preventing the VA physician from presenting an
opinion that could favor the veteran, on the theory that
such an opinion presents a conflict of interest? This
cannot be correct.

My colleagues on this panel ratify the VA's position on
other grounds, also flawed. The court offers the excuse
that Mr. Beasley, by requesting a medical opinion directly
from a VA doctor who knew him, was seeking preference
over other veterans. It is hard to see how either the VA or
the veteran is served by requiring this veteran to go to the
end of the line and start again with a new doctor, rather
than permitting the same doctor to review the additional
evidence.

The issue is not whether this court has authority to
issue a writ of mandamus in veterans' appeals. Of course
we have mandamus authority. The issue is whether the
Department of Veterans Affairs can prohibit a veteran's
VA physician from reviewing the veteran's evidence of

service connection, lest the physician's opinion present a "conflict of interest." This cannot be what Congress intended by the "duty to assist," 38 U.S.C. § 5103A(a)(1).

The petition for mandamus should be granted. From my colleagues' contrary ruling, I respectfully dissent.