NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEVIN D. SMITH,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7133

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-0983, Judge Margaret C. Bartley.

---

Decided: December 11, 2013

---

KEVIN D. SMITH, of Baton Rouge, Louisiana, pro se.

SCOTT R. DAMELIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and TRACEY PARKER WARREN, Attorney,

United States Department of Veterans Affairs, of Washington, DC.

───────────────────

Before RADER, *Chief Judge,* MOORE, and REYNA, *Circuit Judges.*

PER CURIAM

Kevin D. Smith appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which denied his Petition for Writ of Mandamus. Mr. Smith's appeal raises no questions of law but invites us to review the factual determinations of the Veterans Court, we find that we lack jurisdiction and *dismiss* accordingly.

## BACKGROUND

Mr. Smith is a veteran who has sought entitlement to benefits with the Department of Veterans Affairs ("VA") for disabilities connected to active service. On April 1, 2013, Mr. Smith filed before the Veterans Court a *pro se* Petition for Writ of Mandamus requesting that the VA be directed to hasten the adjudication process of his claims. Specifically, Mr. Smith alleged unreasonable delay in processing: (1) his claims for service connection for left hip and knee conditions, which the Board of Veterans Appeals had remanded to the VA regional office in June 2011; (2) his appeal of a January 2012 VA decision assigning the effective date for service connection for a left ankle condition; and (3) his appeal of a March 2012 VA decision denying his entitlement to a total disability rating based on individual unemployability, as well as denial for specially adapted housing, and automobile and adaptive equipment. *Smith v. Shinseki*, No. 13-0983, 2013 WL 3577922, at *1 (Vet. App. July 12, 2013).

On May 8, 2013, the Veterans Court requested that the Secretary of Veterans Affairs ("Secretary") respond to

Mr. Smith's Petition for Writ of Mandamus. Upon review of the Secretary's response, the Veterans Court denied Mr. Smith's petition. *Smith*, 2013 WL 3577922, at * 2. Mr. Smith appeals the denial to this Court.

In denying the petition, the Veterans Court noted that mandamus is a drastic remedy "to be invoked only in extraordinary situations." *Smith*, 2013 WL 3577922, at * 1 (quoting *Kerr v. United States District Court*, 426 U.S. 394, 402 (1976)). Accordingly, "[w]hen delay is alleged as the basis for a petition, the petitioner must demonstrate that the alleged delay is so extraordinary, given the demands on and the resources of the Secretary, that it is equivalent to an arbitrary refusal by the Secretary to act." *Id.* (citing *Costanza v. West*, 12 Vet. App. 133, 134 (1999) (per curiam)). The Veterans Court determined that the Secretary's response established the VA was in the process of adjudicating Mr. Smith's claims, and that the circumstances did not equate to an arbitrary refusal to act. *Id.*

On July 24, 2013, Mr. Smith filed a Motion for Reconsideration of the Veterans Court's decision, asserting that a lapse of thirty days with no response by the Secretary to the initial petition, and no further decision on his claims, constituted an arbitrary refusal to act by the Secretary. He further contended that the Veterans Court should order the Secretary to grant all his claims.

The Veterans Court denied the Motion for Reconsideration on the grounds that its rules required that a motion for reconsideration "shall state the points of law or fact that the party believes the [Veterans] Court has overlooked or misunderstood." U.S. Vet. App. R. 35(e). The Veterans Court found that Mr. Smith did not "state any point of law or fact that he believes the Veterans Court overlooked or misunderstood in its July 12, 2013 order." Moreover, the Veterans Court concluded that Mr.

Smith failed to demonstrate that the grant of an extension of time for the Secretary to respond to Mr. Smith's initial petition "affected the timing or the merits of the VA's adjudication of his claims." *Id.*

Mr. Smith appeals the Veterans Court decision to this Court arguing that the Veterans Court improperly denied his petition for a writ.

## DISCUSSION

This Court's review of Veterans Court decisions is limited by statute. *See Coleman v. Shinseki*, 480 F. App'x 583, 585 (Fed. Cir. 2012) (per curiam). We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than the determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). This Court "shall decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We "shall hold unlawful and set aside any regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision Court of Appeals for Veterans Claims" that we find to be:

> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law.

38 U.S.C. § 7292(d)(1). The statute makes clear that, except to the extent an appeal presents a constitutional issue, we may not review a challenge to a factual deter-

mination, or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2).

This Court has jurisdiction over legal questions raised in an appeal that challenges the Veterans Court's denial of a petition for a writ of mandamus. *Lamb v. Principi*, 284 F.3d 1378, 1381-82 (Fed. Cir. 2002) (holding that the Federal Circuit has jurisdiction to review the Veterans Court's denial of mandamus petitions). This Court does not have jurisdiction where the appeal is based solely on factual issues. See *Gebhart v. Peake*, 289 F. App'x 402 (Fed. Cir. 2008), *Morgan v. Shinseki*, 428 F. App'x 974 (Fed. Cir. 2011).

This appeal presents circumstances similar to those in *Gebhart* and *Morgan.* Mr. Smith appeals a decision by the Veterans Court that strictly involves factual findings. Nowhere does Mr. Smith allege that the Veterans Court improperly interpreted a regulation, statute, or erroneously applied the mandamus doctrine. Rather, the thrust of Mr. Smith's argument is that the Veterans Court's factual determinations, in light of the Secretary's response, were erroneous. Because Mr. Smith's appeal presents purely factual issues, we do not have jurisdiction to consider the Veterans Court's decision.

Mr. Smith also argues that his "right to a fair trial" under the Constitution was violated by the Veterans Court in denying his petition. This characterization of a factual issue "as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007) (quoting *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999)). In *Flores*, we held that, despite appellant's attempt to characterize the issue as based on equal protection, we lacked jurisdiction because the appeal was aimed at the factual merits of the Veterans Court's decision. *Id*. at 1382. Similarly, in this case, Mr. Smith fails to raise constitu-

tional questions decided by the Veterans Court. *See id*; *accord Belton v. Shinseki*, 524 F. App'x 703, 706 (Fed. Cir. 2013) ("[w]hile [petitioner] asserts violations of his constitutional rights, the Veterans Court's decision did not decide any constitutional issues, and [petitioner]'s characterization of his arguments as constitutional does not make them so.")

## CONCLUSION

Based on the foregoing, we dismiss Mr. Smith's appeal for lack of jurisdiction.

## **DISMISSED**

## COSTS

Each side shall bear its own costs.