NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**KEVIN D. SMITH,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7009

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-1832, Judge Margaret C. Bartley.

---

Decided: March 4, 2015

---

KEVIN D. SMITH, Baton Rouge, LA, pro se.

MICHAEL ANTHONY RODRIGUEZ, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC for respondent-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; MARTIN JAMES SENDEK, DAVID J. BARRANS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, MOORE, and REYNA, *Circuit Judges.*

PER CURIAM.

Kevin D. Smith ("Smith") appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. *See Smith v. McDonald*, No. 14-1832, 2014 WL 3909109 (Vet. App. Aug. 12, 2014) ("*Order*"). Because Smith's arguments challenge only factual findings and an application of law to fact, we dismiss for lack of jurisdiction.

## BACKGROUND

Smith served on active duty in the Marines from June 1978 to August 1978. During his service entrance examination, an examiner determined that Smith had a congenital disability resulting in his left leg being shorter than his right leg. Smith was allowed to enter basic training, but after complaining of pain in his left ankle, hip, and knee, Smith was discharged.

On May 2, 2006, Smith filed a claim for compensation with the Department of Veterans Affairs ("VA") Regional Office ("RO") in New Orleans, Louisiana, seeking entitlement to service connection for a left hip disability, a left knee disability, and tendonitis of the left ankle. Smith's claims were denied by the RO, and Smith timely filed a Notice of Disagreement. Smith later amended his original claim to include entitlement to service connection for back and right hip disabilities.

Smith perfected his appeal as to his left hip, left knee, and left ankle claims, but in October 2010 the Board of Veterans' Appeals ("Board") denied Smith's claims for service connection. The Board's decision did not address Smith's back and right hip disabilities.

Smith appealed to the Veterans Court, which granted a Joint Motion for Remand that vacated the Board's decision and remanded the claims to the Board for further proceedings. The Board ordered the RO to arrange for an examination to determine if Smith's military service aggravated his congenital leg disability. Following the examination, the RO issued a rating decision awarding Smith a service connection for peroneal tendonitis of the left ankle at a 20 percent rating, effective from May 2, 2006. The RO continued to deny Smith's claims for service connection for his left hip and knee disabilities, and also subsequently denied service connection for Smith's back and right hip disabilities.

In April 2013, Smith appealed to the Board and then petitioned the Veterans Court for a writ of mandamus, requesting that the VA be directed to hasten the adjudication of his claims. The Veterans Court denied the petition, and on appeal we dismissed for a lack of jurisdiction. *Smith v. Shinseki*, 549 F. App'x 1007 (Fed. Cir. 2013).

In April 2014, the Board denied an earlier effective date for the service connection and remanded to the RO for further examination with respect to the left hip and left knee disabilities. The Board ordered the RO to issue a Statement of the Case with respect to Smith's right hip and lower back disabilities. Smith appealed from the Board decision with respect to the earlier effective date, and the Veterans Court affirmed. *See Smith v. McDonald*, No. 14-1400, 2015 WL 402632 (Vet. App. Jan. 30, 2015).

On June 9, 2014, Smith filed a petition for extraordinary relief in the nature of a writ of mandamus. Smith asserted that a writ of mandamus was necessary to compel the RO to adjudicate the claim for service connection for the left leg disability filed in August 2006. Smith alleged that the RO had deliberately delayed reaching a

conclusion as to his left leg disability, and that the failure to adjudicate was motivated by discrimination.

The Veterans Court denied Smith's request for relief. *Order*, at *3. With respect to his claim for an earlier effective date, the court found that Smith possessed "adequate alternative means to obtain his desired relief through the appeal process." *Id.* at *2. The Veterans Court noted that Smith's appeal of the April 2014 Board decision was pending, *id.*, although we note that the Board decision has since been affirmed, *Smith*, 2015 WL 402632, at *2. With respect to Smith's other claims, the Veterans Court found that the VA had not delayed the processing of the claims to an extent that would amount to an arbitrary refusal to act. *Order*, at *2–3.

Smith filed a motion for panel review, which the Veterans Court granted. The panel, however, affirmed the single-judge decision on the ground that Smith failed to show that the Veterans Court overlooked or misunderstood any point of fact or law with respect to its rejection of Smith's arguments.

Smith then appealed to this court seeking to invoke our jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

The scope of our review in an appeal from a Veterans Court decision is limited. We may review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation that was relied upon by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). We may also review a Veterans Court decision with respect to legal questions raised in an appeal that challenge the Veterans Court's denial of a petition for a writ of mandamus. *Lamb v. Principi*, 284 F.3d 1378, 1381–82 (Fed. Cir. 2002). Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determina-

tion, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Smith argues that the Veterans Court erred in finding that the RO was not unreasonably delaying the processing of his claims. However, that argument challenges only the Veterans Court's fact-finding and application of law to the facts of Smith's case, which are matters outside of our jurisdiction. *See id.*; s*ee also Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004) ("[W]hile we can review questions of law, we cannot review applications of law to fact."). Here, the Veterans Court decision did not involve any questions regarding the validity or interpretation of a statute or regulation. Rather, the Veterans Court merely applied established law to the facts of Smith's case. *See Order*, at *1–3. Moreover, nowhere does Smith allege that the Veterans Court erroneously applied the mandamus doctrine.

Smith further alleges undetermined constitutional violations in his informal brief. However, the Veterans Court did not address any constitutional issues in its decision. Without an explanation providing an adequate basis for Smith's claims, they are constitutional claims in name only and thus outside of our jurisdiction. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (Characterization of an appeal as "constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").

We have considered the additional arguments presented in Smith's informal appeal brief but do not find them persuasive. Smith raises neither a substantial constitutional issue nor other legal question. For the foregoing reasons, the appeal is dismissed for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.