NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GABRIEL M. ROBLES,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1460

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-4805, Judge Joseph L. Falvey, Jr.

---

Decided:  June 11, 2020

---

GABRIEL M. ROBLES, Topeka, KS, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

―――――――――――――

Before PROST, *Chief Judge,* MAYER and LOURIE, *Circuit Judges.*

PER CURIAM.

Gabriel M. Robles appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for extraordinary relief. *Robles v. Wilkie*, No. 19-4805, 2019 WL 3806385 (Vet. App. Aug. 14, 2019) (*"Decision"*). For the reasons below, we *dismiss* the appeal.

## BACKGROUND

On November 14, 2016, Robles filed at the United States Department of Veterans Affairs ("VA") a claim for compensation pursuant to 38 U.S.C. § 1151 for a right wrist injury. VA denied disability compensation for the wrist condition. Robles filed a notice of disagreement ("NOD") in which he disagreed with VA's decision and also asserted entitlement to special monthly compensation ("SMC") based on housebound status or need for aid and attendance. VA responded by informing Robles that his NOD was not valid because the SMC issues had not been previously presented to VA. Robles then filed another NOD in which he continued to disagree with the denial of disability compensation and assert entitlement to SMC. On June 8, 2019, a VA regional office issued two Statements of the Case ("SOCs"). The first SOC continued denial of Robles's claim for disability compensation for his wrist injury. The second SOC determined that Robles could not file a NOD regarding the SMC issues because he had not filed a claim for that benefit.

In early July 2019, Robles simultaneously filed two appeals to the Board of Veterans' Appeals ("Board") as well as a petition for extraordinary relief at the Veterans Court. In each of his appeals to the Board, Robles wrote the

following in lieu of a description of why he thought that VA decided his case incorrectly:

> This Veteran has filed a request to the United States Court of Appeals for Veterans Claims for "Extraordinary Relief" (Rule 21) to bypass this benefits process by the Veterans Administration.

SAppx. 28, 30.

In his petition for extraordinary relief at the Veterans Court, Robles made numerous allegations of misconduct by VA employees and expressed general disagreement with the June 8, 2019 SOCs. *See* SAppx. 12–18. The Veterans Court dismissed-in-part and denied-in-part. As it pertained to Robles's allegations of misconduct by VA employees, the Veterans Court dismissed the petition for lack of jurisdiction. *Decision*, 2019 WL 3806385, at *1 (citing 38 U.S.C. § 7252(a)). As it pertained to Robles's claims for VA benefits, the Veterans Court denied the petition because Robles does not lack adequate alternative means to attain the desired relief and therefore is not entitled to extraordinary relief. *Id.* (citing *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004)). Robles appealed.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We may review a decision by the Veterans Court concerning whether to grant a petition for extraordinary relief when it raises a non-frivolous legal question. *See Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013); *see also* 38 U.S.C. § 7292(a). "In conducting such a review, we do not interfere with the [Veterans Court's] role as the final appellate arbiter of the facts underlying a veteran's claim or the application of veterans' benefits law to the particular facts of a veteran's case." *Beasley*, 709 F.3d at 1158; 38 U.S.C. § 7292(d)(2).

Here, the Veterans Court applied its own jurisdictional statute to dismiss the allegations in Robles's petition that do not relate to any Board decision regarding a claim for benefits. *See Decision*, 2019 WL 3806385 (citing 38 U.S.C. § 7252(a)). And the court applied Supreme Court precedent to deny Robles's attempt to bypass the Board and the established appellate procedure for his claims. *See id.* (citing *Cheney*, 542 U.S. 367 and 38 U.S.C. § 7104(a)). Accordingly, because Robles has not identified a non-frivolous legal question, we have no basis to reverse the Veterans Court's decision.

## CONCLUSION

We have considered Robles's remaining arguments, but we find them unpersuasive. Thus, the appeal is *dismissed*.

### DISMISSED

### COSTS

No costs.