NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RASHID EL MALIK,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1982

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-892, Judge Coral Wong Pietsch.

---

Decided:  December 9, 2022

---

RASHID EL MALIK, Palos Verdes Estate, CA, pro se.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; JONATHAN KRISCH, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, CHEN, and STOLL, *Circuit Judges*.

PER CURIAM.

Rashid El Malik appeals an order of the Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. Mr. El Malik's petition, based on a claim of unreasonable delay, sought to expedite a decision from the Board of Veterans' Appeals ("Board") on his remanded home-adaptation claims. Because Mr. El Malik's appeal is moot, at least in part, and otherwise challenges an ordinary application of the *TRAC* factors[1] to the facts of this case, we dismiss for lack of jurisdiction.

## BACKGROUND

Mr. El Malik is a disabled veteran who has been deemed eligible for benefits under a vocational rehabilitation and employment ("VR&E") independent living plan. S. App'x 57. In 2016, Mr. El Malik brought claims for entitlement to certain equipment and housing modifications under the VR&E independent living plan. After a 2018 remand to the Veterans Affairs Regional Office ("RO") for additional factual development, the Board denied Mr. El Malik's claims in May 2019. Appellant's Informal Br. App'x 4.

The Board's 2019 denial referenced certain "VA personnel[] reports" and noted that it had "serious concerns regarding the Veteran's credibility." *Id.* at 6. That portion of the Board's decision relied on statements from the VR&E Chief as casting doubt on the extent of Mr. El Malik's disabilities. Mr. El Malik appealed the Board's 2019 denial.

---

[1] The *TRAC* factors refer to the factors set forth in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79 (D.C. Cir. 1984).

In December 2020, the Veterans Court set aside the Board's decision. *El Malik v. Wilkie*, No. 19-3611, 2020 WL 7380098, at \*3 (Vet. App. Dec. 16, 2020) ("*2020 Remand Order*"). It found that the Board erred in relying on the VR&E Chief's statements because Mr. El Malik was not given an opportunity to respond to the statements beforehand. *Id.* Additionally, the Veterans Court noted that the Board had not adequately described or analyzed the bases for its entitlement determinations. It instructed the Board, on remand, to give Mr. El Malik notice and an opportunity to respond to the VR&E Chief's statements and to fully explain its merits findings in terms of whether each requested modification would be necessary to provide a measurable increase in independence. *Id.* at \*2–3.

In May 2021, the Board remanded to the RO so that it could provide Mr. El Malik with a copy of the VR&E Chief's statements, give him the opportunity to provide a written response, readjudicate his claim, and, if the readjudication were adverse to him, issue a new supplemental statement of the case and return the case to the Board. S. App'x 32–33. In June 2021, the RO provided Mr. El Malik a copy of the statement and gave him 30 days to respond. S. App'x 34. Mr. El Malik filed a timely response. S. App'x 43. In October 2021, the RO maintained its denial of Mr. El Malik's claims and then returned the claims to the Board. S. App'x 45, 52.

On February 9, 2022, Mr. El Malik filed the mandamus petition at issue here. S. App'x 12–20. The petition, based on a claim of unreasonable delay, requested that Mr. El Malik's appeal contesting the 2019 denial of his claims be expedited and that the Board address the merits of each requested accommodation. S. App'x 12, 14. The petition pointed to the VR&E Chief's statements as "a false document" and asserted that the Board's use of the document "caused the unreasonable delays." S. App'x 16. The petition contended that a *TRAC* analysis was warranted

because of the Board's actions surrounding the statements, but it didn't request any separate relief on that basis. *Id.*

In April 2022, before the Veterans Court ruled on the mandamus petition, the Board ruled on Mr. El Malik's claims, which the RO had returned to the Board in October 2021. S. App'x 54. The Board granted Mr. El Malik's claims as to some modifications, denied as to some, and remanded for clarification and supplementation of the record (including obtaining a new medical opinion) as to others. S. App'x 66. The Board also noted that it would not discuss the VR&E Chief's statements in its decision because the VA had conceded to certain inaccuracies during the previous Veterans Court appeal. S. App'x 57.

In May 2022, the Veterans Court denied Mr. El Malik's mandamus petition. *El Malik v. McDonough*, No. 22-892, 2022 WL 1703264, at *1 (Vet. App. May 27, 2022) (*"Mandamus Order"*). The Veterans Court analyzed each of the *TRAC* factors and concluded that Mr. El Malik "failed to demonstrate that any delay here has been so egregious to warrant the issuance of a writ." *Id.* at *5 (citing *Martin v. O'Rourke*, 891 F.3d 1338 (Fed. Cir. 2018)). The Veterans Court also considered the April 2022 Board decision and concluded that "[t]o the extent the petitioner has been afforded the relief sought, his petition is now moot." *Id.*

## DISCUSSION

Our review of Veterans Court mandamus decisions is limited. Our jurisdiction extends only to those determinations on mandamus petitions that raise "non-frivolous legal question[s]" otherwise within our jurisdiction. *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013); *see* 38 U.S.C. § 7292(d)(1) (providing jurisdiction to decide "relevant questions of law"). And, when "presented and necessary to a decision," we have jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof." 38 U.S.C. § 7292(c). Absent a constitutional issue, however, we lack jurisdiction

to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Further, we lack jurisdiction over a moot petition because it no longer presents "a 'Case' or 'Controversy' for Article III purposes." *Mote v. Wilkie*, 976 F.3d 1337, 1341 (Fed. Cir. 2020) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). And "a case becomes moot when a claimant receives all her requested relief." *Id.* "[A] mere remand" does not provide all requested relief when a claimant seeks a "decision" on mandamus. *Id.* at 1341–42.

Here, Mr. El Malik's petition sought "expeditious treatment . . . of his appeal contesting the denial of home adaptations" and requested that the Board address the merits of each of his requested modifications "in an expeditious and timely manner." S. App'x 12. At least with respect to the home modifications the Board granted or denied, Mr. El Malik received the relief he requested in his mandamus petition—the Board addressed whether "each of [those] requested modifications [was] necessary to provid[e] a measurable increase in [Mr. El Malik's] level of independence." S. App'x 14. Thus, as the Veterans Court found, Mr. El Malik's petition is moot at least with respect to those claims.[2]

As for Mr. El Malik's contention that the Veterans Court applied the wrong legal standard when analyzing unreasonable delay, this argument does not raise a "non-frivolous legal question" that we have jurisdiction to review. *See Beasley*, 709 F.3d at 1158. The *TRAC* analysis involves a flexible inquiry that "should be analyzed based on its unique circumstances." *Mote*, 976 F.3d at 1346 (citing *Martin*, 891 F.3d at 1348). And Mr. El Malik's

[2]    Since we lack jurisdiction in any event, we need not address whether the Board's mixed decision mooted Mr. El Malik's entire mandamus petition.

argument on this point amounts to a challenge to the application of the *TRAC* factors to the circumstances of Mr. El Malik's case. The Veterans Court's decision did not, as Mr. El Malik contends, rest on a legal determination about when the unreasonable-delay clock starts to run. *See* Appellant's Informal Br. 4–6. Rather, in assessing the *TRAC* "rule of reason" factor, the Veterans Court focused on how the Board and RO had handled Mr. El Malik's claims since the 2020 remand to assess whether the overall delay was reasonable. *Mandamus Order*, 2022 WL 1703264, at *3–4. There is no non-frivolous question about whether the Veterans Court applied the correct legal standard here, and we lack jurisdiction to reassess how it evaluated the circumstances of this case.

Finally, Mr. El Malik argues that the presence of the VR&E Chief's statements in his file violates his constitutional rights. But Mr. El Malik's petition did not raise that issue. It only pointed to the VR&E Chief's statements as a cause of the Board's alleged delay and a reason that the delay should be considered unreasonable, not as part of a separate request for relief. To be sure, the Veterans Court noted that Mr. El Malik's reply—which, unlike his petition, was filed after the Board's April 2022 decision—did present arguments about the VR&E Chief's statements still being in his file. *Mandamus Order*, 2022 WL 1703264, at *2. However, these arguments are properly understood as a challenge to the Board's April 2022 decision. The merits of that decision, and any alleged procedural defects associated with it, are not before us here and were not addressed below. Thus, we will not address this constitutional argument in the first instance.

## CONCLUSION

We have considered Mr. El Malik's remaining arguments and find them unpersuasive. Because Mr. El Malik's appeal does not present issues within our limited jurisdiction, we dismiss.

## DISMISSED

Costs

No costs.