NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT G. THORNTON,**
*Claimant-Appellant,*

**v.**

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7136

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-1601, Judge Coral Wong Pietsch.

---

Decided: January 26, 2015

---

ROBERT G. THORNTON, Corona, California, pro se.

ANTHONY F. SCHIAVETTI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were JOYCE R. BRANDA, Acting Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and ALLISON KIDD-MILLER, Assistant Director. Of counsel on the brief were Y. KEN

LEE, Deputy Assistant, General Counsel, and CHRISTINA L. GREGG, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before PROST, *Chief Judge,* NEWMAN, and REYNA, *Circuit Judges.*

PER CURIAM.

Robert Thornton appeals the order of the Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus based on an alleged delay in granting him benefits. Because the Veterans Court properly denied Mr. Thornton's petition, on the basis that mandamus was not the only form of relief available, we *affirm.*

## BACKGROUND

Mr. Thornton, an Army veteran, filed an informal claim for veterans' benefits with the Department of Veterans Affairs ("VA") on March 1, 2007. After the VA requested clarification of his claim, Mr. Thornton filed a formal claim on October 17, 2007. In his formal claim, Mr. Thornton sought (1) service connection for (a) hearing loss in his left ear; (b) tinnitus; and (c) a psychiatric disability; and (2) an increased rating for his service-connected hearing loss in his right ear. Pursuant to his claim for psychiatric disability, Mr. Thornton was examined for post-traumatic stress disorder ("PTSD") in July 2008.

On September 12, 2008, the VA issued a rating decision which (1) granted service connection for his PTSD, with a rating of 70 percent from the date of the formal claim until his July 2008 examination, and a 50 percent rating thereafter; (2) denied service connection for the hearing loss in his left ear; and (3) continued the noncompensable rating for the hearing loss in his right ear.

Mr. Thornton filed a Notice of Disagreement with the September 12, 2008 decision on October 14, 2008, seeking increased disability ratings, including a rating of 100 percent for his service-connected PTSD.

The VA issued a Statement of the Case on July 19, 2010. Eight days later, the VA accepted a statement from Mr. Thornton in lieu of a VA Form 9, effectively initiating his appeal. Because Mr. Thornton sought an increased rating for his PTSD, the VA scheduled Mr. Thornton for another examination. On December 11, 2012, a VA Decision Review Officer ("DRO") issued a rating decision, increasing Mr. Thornton's PSTD rating to 100 percent, effective from the date of his formal claim, October 17, 2007.

Mr. Thornton filed a Notice of Disagreement with the DRO's rating decision in November 2013. After some delay, Mr. Thornton filed a petition for a writ of mandamus on May 23, 2014. He sought certification of his appeal of the effective dates of his disabilities and forwarding of his claims to the Board of Veterans' Appeals ("Board"), expedited consideration of his appeal, an order that the VA abide by various statutes, an order requiring the VA to stipulate it unlawfully withheld or unreasonably delayed Mr. Thornton's benefits, and the grant of the benefits sought.

On June 4, 2014, the VA issued a rating decision granting an earlier effective date of March 1, 2007 (the date of the informal claim) for Mr. Thornton's PTSD, his hearing loss, and tinnitus, as well as a higher rating for the hearing loss. In a July 31, 2014 order, the Veterans Court denied Mr. Thornton's mandamus petition. The Veterans Court denied the request for an order of a public apology by the VA as it would be an improper use of mandamus authority. The Veterans Court also refused to grant the benefits sought or certify his appeal because Mr. Thornton had an alternative remedy in the form of an

appeal from the June 4, 2014 decision and because any delay on the VA's part did not constitute an arbitrary refusal to act.

Mr. Thornton appeals the Veterans Court's denial of his petition for a writ of mandamus. Mr. Thornton contends that a supposed failure by the VA to consider a CD with copies of relevant records in support of his mandamus petition and an informal Notice of Disagreement from 1989 amounts to suppression of evidence that violates his due process rights.

## DISCUSSION

Our jurisdiction over appeals from the Veterans Court is statutorily limited. Congress has authorized this court to "review . . . any challenge to the validity of any statute or regulation or any interpretation thereof" and to "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). We may not review challenges to factual determinations or to laws or regulations as applied to the facts of a particular case, except to the extent that the appeal presents a constitutional issue. *Id.* § 7292(d)(2). These restrictions apply to our review of a decision by the Veterans Court on a mandamus petition. *Lamb v. Principi*, 284 F.3d 1378, 1381 (Fed. Cir. 2002).

While we cannot review the merits of a veteran-petitioner's claim, we can review a determination of whether the petitioner has satisfied the legal requirements for a writ of mandamus to issue. *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). For a court to grant the writ, three requirements must be satisfied: (1) the petitioner must have no other adequate means to attain the desired relief; (2) the petitioner must show that the right to the relief is clear and indisputable; and (3) exercising its discretion, the issuing court must decide that the remedy is appropriate under the circumstances. *Cheney v. United States Dist. Court for D.C.*, 542

U.S. 367, 380-81 (citations and quotations omitted). Indeed, the bar for mandamus relief is very high because the mandamus remedy is a drastic one, only to be granted in extraordinary circumstances. *Kerr v. United States Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976).

Here, as the Veterans Court found, Mr. Thornton is not able to meet all the requirements for mandamus relief. First, Mr. Thornton does not satisfy the requirement that he have no other means of relief available. The VA issued a decision on June 4, 2014 that addressed the benefits Mr. Thornton was seeking and substantially increased his ratings. If Mr. Thornton is not satisfied with the VA's decision, he may appeal it to the Board. In light of the ability to appeal the VA's decision, Mr. Thornton is unable to meet the requirement that he have no other adequate means besides a writ of mandamus to obtain the relief he desires.

Second, the Veterans Court properly found that mandamus relief was not justifiable under these circumstances merely because the VA's decision was delayed. To this point, the Veterans Court found that though Mr. Thornton's claim could have been processed more quickly, the VA's delay did not amount to an arbitrary refusal to act. Mandamus relief would be improper simply to correct past delays or prevent future ones. We have explained that a petition for a writ of mandamus is not the appropriate vehicle for circumventing the appeals process "even though hardship may result from delay and perhaps unnecessary trial." *Lamb*, 284 F.3d at 1384. The circumstantial delay in processing Mr. Thornton's claim is insufficient to justify mandamus relief.

CONCLUSION

Mr. Thornton is unable to meet the requirements for the issuance of a writ of mandamus. Because he has another means to attain his desired relief and mandamus is not justified under these circumstances, we affirm the

Veterans Court's denial of his petition for a writ of mandamus.

## **AFFIRMED**

### COSTS

Each party shall bear its own costs.