NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT G. THORNTON,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2015-7107

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-2059, Judge Coral Wong Pietsch.

---

Decided: December 15, 2015

---

ROBERT G. THORNTON, Corona, CA, pro se.

SARAH CHOI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; Y. KEN LEE, MEGHAN ALPHONSO, Office of General Counsel, United Stated Department of Veterans Affairs, Washington, DC.

---

Before MOORE, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Robert G. Thornton appeals the denial of his petition for a writ of mandamus by the United States Court of Appeals for Veterans Claims ("Veterans Court").

## BACKGROUND

Mr. Thornton, an Army veteran, sought service-connected benefits for hearing loss, tinnitus, and a psychiatric condition. In December 2012, a VA Decision Review Officer ("DRO") issued a rating decision to Mr. Thornton. In response, Mr. Thornton filed a notice of disagreement in November 2013. On June 4, 2014, the DRO issued a rating decision increasing Mr. Thornton's benefits. On the same day, the DRO issued a Statement of the Case ("SOC") denying entitlement to earlier effective dates for Mr. Thornton's benefits. The SOC informed Mr. Thornton that an appeal "must be filed within 60 days from the date that the [VA] mails the Statement of the Case to the appellant, or within the remainder of the 1-year period from the date of mailing of the notification of the determination being appealed, whichever period ends later." Mr. Thornton filed an appeal on January 28, 2015, requesting the VA regional office to forward his appeal to the Board of Veterans Appeals. Separately, on February 2, 2015, Mr. Thornton filed a Privacy Act request with the Secretary of the VA, seeking specific documents from his claim file.

On May 18, 2015, Mr. Thornton petitioned for a writ of mandamus from the Veterans Court to compel: (1) the VA to forward his appeal to the Board of Veterans Appeals and (2) the Secretary to comply with his Privacy Act request. On June 12, 2015, the VA regional office informed Mr. Thornton that his appeal was untimely, and

provided instructions regarding how to appeal the untimeliness decision. And on June 15, 2015, the Secretary responded to Mr. Thornton's Privacy Act request by forwarding a copy of his entire claim file, and included instructions on filing a Privacy Act appeal.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. We may review legal questions such as those relating to the interpretation of constitutional and statutory provisions. 38 U.S.C. § 7292(c). We may not review factual determinations or application of law to fact, except to the extent an appeal presents a constitutional issue. *Id.* § 7292(d)(2). These statutory limits on our jurisdiction extend to our review of the Veterans Court's denial of a writ of mandamus. *Beasley v. Shinseki*, 709 F.3d 1154, 1157 (Fed. Cir. 2013). Just as a veteran's "choice to present [a] legal question in a petition for mandamus does not deprive this court of jurisdiction," *id.*, a veteran's choice to present a factual question or the application of law to fact in a petition for mandamus does not expand this court's jurisdiction.

Here, the Veterans Court found that Mr. Thornton failed to demonstrate entitlement to the writ because he did not demonstrate that he lacked adequate alternative means to relief. Specifically, the Veterans Court found that Mr. Thornton had been provided with information on how to appeal both the VA's determination that his January 2015 appeal was untimely and the Secretary's handling of his Privacy Act request, and that both of these alternative avenues were available at the time of the Veterans Court's review.

Because Mr. Thornton's appeal here raises a factual dispute regarding timeliness and fails to allege any legal error with the Veterans Court's denial of the writ, we do not have jurisdiction to review the denial. Mr. Thornton's attempt to frame this factual issue as a due process

violation does not change the purely factual nature of his complaint and his allegations of spoliation of evidence also do not raise any legal error with the Veterans Court's denial of the writ. Accordingly, we dismiss the appeal for lack of jurisdiction.

## DISMISSED

### COSTS

No costs.