NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT G. THORNTON,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2016-2264

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-2059, Judge Coral Wong Pietsch.

---

Decided: November 8, 2016

---

ROBERT G. THORNTON, Corona, CA, pro se.

SARAH CHOI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; Y. KEN LEE, MEGHAN ALPHONSO, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, WALLACH, and STOLL, *Circuit Judges.*

PER CURIAM.

Robert G. Thornton appeals from a decision by the Court of Appeals for Veterans Claims ("Veterans Court") denying his motion to vacate its prior decision. Because we lack jurisdiction over the issues Mr. Thornton raises on appeal, we *dismiss*.

## BACKGROUND

This case is Mr. Thornton's third appeal stemming from a claim he filed for service-connected disability benefits. In 2007, Mr. Thornton, an Army veteran, sought benefits for a psychiatric condition, hearing loss, and tinnitus. After a series of decisions relating to these claims, on June 4, 2014, a Veterans Affairs ("VA") Decision Review Officer ("DRO") awarded Mr. Thornton (1) a 100% disability rating for post-traumatic stress disorder effective March 1, 2007; (2) a 40% rating for bilateral hearing loss effective March 1, 2007 and a 50% rating effective May 17, 2010; and (3) a 10% rating for tinnitus effective March 1, 2007.[1] In a Statement of the Case issued the same day, the DRO denied Mr. Thornton's request for entitlement to effective dates prior to March 1, 2007 for all three conditions.

---

[1]    Mr. Thornton's first appeal to this court concerned a petition for a writ of mandamus, filed before the DRO's June 4, 2014 award, alleging delay in granting him benefits. We affirmed the Veterans Court's denial of Mr. Thornton's petition on the basis that mandamus was not the only form of relief available. *Thornton v. McDonald*, 597 F. App'x 641 (Fed. Cir. 2015) ("*Thornton I*").

On January 28, 2015, Mr. Thornton filed an appeal of the June 4, 2014 DRO decision, requesting the VA regional office ("RO") forward his appeal to the Board of Veterans Appeals ("Board"). While that appeal was pending, Mr. Thornton petitioned for a writ of mandamus seeking, in relevant part, that the Veterans Court compel the RO to forward his appeal to the Board. On June 12, 2015, the RO informed Mr. Thornton that his appeal was untimely and provided instructions regarding how to appeal the untimeliness decision. On July 30, 2015, the Veterans Court denied Mr. Thornton's petition for mandamus ("the July 30, 2015 Decision"), reasoning he had adequate alternative means to relief as outlined in the RO's instructions regarding how to appeal the untimeliness determination. Mr. Thornton appealed the July 30, 2015 Decision to our court, which we dismissed for lack of jurisdiction in *Thornton v. McDonald*, 626 F. App'x 1007 (Fed. Cir. 2015) ("*Thornton II*").[2]

Following our dismissal in *Thornton II*, Mr. Thornton filed a Federal Rule of Civil Procedure 60(b) motion in the Veterans Court, requesting that the Veterans Court vacate the July 30, 2015 Decision for fraud on the court. The Veterans Court denied the motion on May 25, 2016. Mr. Thornton timely appealed.

## DISCUSSION

Our jurisdiction over appeals from the Veterans Court is statutorily limited. We may review challenges to the "validity of any statute or regulation or any interpretation thereof" and may "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). We may not review chal-

---

[2]  Mr. Thornton filed a motion to disqualify and recuse the panel of judges in *Thornton II*. We deny the motion as it pertains to the present case.

lenges to factual determinations or to the application of a law or regulation to the facts of a particular case unless the appeal presents a constitutional issue. *Id.* §§ 7292(d)(1)–(2).

Mr. Thornton's appeal asks us to determine whether the Veterans Court properly applied Rule 60(b) to the facts of his claim, alleging the July 30, 2015 Decision relied on "fraudulent facts." He does not challenge the validity of any statute or regulation or the Veterans Court's interpretation thereof. Nor does Mr. Thornton's appeal present a constitutional issue. Accordingly, we do not have jurisdiction to review the Veterans Court's denial of Mr. Thornton's Rule 60(b) motion.

CONCLUSION

For the foregoing reasons, Mr. Thornton's appeal is *dismissed* for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.