NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEORGE D. PREWITT,**
*Petitioner-Appellant*

**v.**

**ROBERT D. SNYDER, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1076

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-1552, Judge Bruce E. Kasold.

---

Decided: February, 14, 2017

---

GEORGE D. PREWITT, Greenville, MS, pro se.

COURTNEY D. ENLOW, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; JONATHAN KRISCH, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

Before DYK, MAYER, and TARANTO, *Circuit Judges.*

PER CURIAM.

George D. Prewitt appeals a decision of the Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for extraordinary relief in the nature of a writ of mandamus. We *affirm*.

BACKGROUND

In 1969, Prewitt sustained a "through and through gunshot wound" to the left side of his neck while serving in Vietnam. J.A. 57. After evaluating Prewitt's injury, on June 17, 1970, the Department of Veterans Affairs ("VA") rated Prewitt 30 percent disabled. On March 28, 1980, the VA sent Prewitt a letter declining to grant him "unemployability benefits" for a "permanent and total disability." J.A. 69. Prewitt responded in a Notice of Disagreement ("NOD") dated April 4, 1980, in which he disputed the VA's disability rating in light of his limited range of movement. The VA replied to Prewitt on June 5, 1980, by increasing his disability rating to 40 percent. The VA also stated that it considered the increase to have "satisfie[d]" the grounds of Prewitt's disagreement, and that the agency would "take no further action on [Prewitt's] appeal" unless Prewitt indicated otherwise within thirty days. J.A. 35.

On May 5, 2016, Prewitt filed a petition for extraordinary relief in the nature of a writ of mandamus in the Veterans Court seeking to compel the VA to issue a Statement of the Case ("SOC") responding to his April 1980 NOD. His petition also sought to compel the VA to: (1) certify a substantive appeal of a decision rendered by a VA regional office on April 21, 2015, to the Board of Veterans' Appeals, *see* 38 C.F.R. § 19.35; (2) produce documents related to a separate controversy concerning an alleged overpayment of benefits and stay the withholding of any benefits pending a decision on the overpay-

ment; and (3) process a motion for revision of a June 1970 regional office decision based on an assertion of clear and unmistakable error, for which the regional office issued an SOC in August 2015.[1]

The Veterans Court denied Prewitt's petition, and he appealed. We have jurisdiction pursuant to 38 U.S.C. § 7292(d)(1) to review whether Prewitt "satisfied the legal standard for issuing the writ." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013).

## DISCUSSION

Mandamus is a drastic remedy reserved for the most "extraordinary causes." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004). Thus, a petitioner seeking a writ of mandamus has the burden of showing a "clear and indisputable" right to the writ's issuance and the inadequacy of other alternative forms of relief. *See id.* at 380–81.

Regarding Prewitt's request for a writ seeking to compel the issuance of an SOC covering his April 1980 NOD, we agree with the Veterans Court that Prewitt has not shown a clear and indisputable right to issuance of the writ. The VA's June 1980 reply indicated that its decision to increase Prewitt's disability rating resolved the NOD, as far as the agency was concerned. The VA further indicated that Prewitt could continue to pursue the matter if he disagreed, and Prewitt does not allege that he did so at the time. Although veterans are pre-

---

[1]    In an earlier case involving a claim for benefits relating to Prewitt's gunshot wound, we remanded for further proceedings to the Veterans Court, which in turn remanded to the Board. *See Prewitt v. Shinseki*, 512 F. App'x 1020, 1021 (Fed. Cir. 2013). The relationship between those proceedings and Prewitt's request for a writ is unclear.

sumed to seek the maximum benefit allowed by law, *see AB v. Brown*, 6 Vet. App. 35, 38 (1993), that presumption—assuming that it applies retroactively—is of no help to Prewitt because the VA did in fact address his claim for "permanent and total disability" when it granted an increase to his rating. If Prewitt disagreed with that decision, per the VA's reply, he was required to raise the issue with the agency at that time. He did not do so. Thus, Prewitt has not shown that his right to mandamus is "clear and indisputable." *Cheney*, 542 U.S. at 381.

With respect to the petition's remaining grounds, Prewitt has failed to show that alternative forms of relief would be inadequate. Nor has Prewitt shown that he is "uniquely burdened by the duration of the appeals process," or "special circumstances that would justify issuance of the writ." *Beasley*, 709 F.3d at 1159. Accordingly, the denial of Prewitt's petition by the Veterans Court is

## AFFIRMED

### Costs

No costs.