NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**ALPHONSO M. DE PEZA, SR.,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2019-1592

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-4581, Judge William S. Greenberg.

———————————

Decided: September 6, 2019

———————————

ALPHONSO M. DE PEZA, SR., FPO, AP, pro se.

ALBERT S. IAROSSI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; CHRISTOPHER O. ADELOYE, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before DYK, REYNA, and HUGHES, *Circuit Judges.*

PER CURIAM.

Pro se appellant Alphonso M. De Peza appeals an order of the United States Court of Appeals for Veterans Claims dismissing as moot his petition for a writ of mandamus. The Veterans Court found the writ unnecessary because the Department of Veterans Affairs "work[ed] in a timely and legal manner to resolve the various disagreements raised by the petitioner." *De Peza v. Wilkie*, No. 18-4581 (Vet. App. Dec. 17, 2018). Because we lack jurisdiction over Mr. De Peza's claims, we dismiss.

I

Mr. De Peza is a veteran of the Gulf War who was granted service connection for several conditions. In 2003, the VA's Manila Outpatient Clinic (the Clinic) began treating Mr. De Peza. He became dissatisfied with the care the Clinic was providing, however, and petitioned the Veterans Court for a writ of mandamus on August 23, 2018. He sought an order directing the VA to reinstate certain healthcare-related benefits that purportedly had been terminated. Mr. De Peza alleged the VA had cut his access to the Clinic and stopped providing payment for his treatments.

In response, the Secretary argued that the VA had "taken appropriate action on the petitioner's requests, contentions and claims, and, as such, the petitioner has not demonstrated a clear and indisputable right to the writ of mandamus he seeks." Resp. App. 10.[1] In support, the Secretary submitted a memorandum from the Clinic's

_____

[1] Resp. App. refers to the Supplemental Appendix included with the Appellee's brief.

Manager addressing Mr. De Peza's allegations. According to the memorandum, the Clinic tried to provide care to Mr. De Peza, but he did not provide required information. For example, the Clinic's manager explained that the Clinic had not paid for forty of Mr. De Peza's treatments because he never submitted the required "medical reports or invoice requests." *Id.* at 19. Similarly, the Clinic did not provide Mr. De Peza with automobile adaptive equipment, special housing adaptations, or special-needs dogs because the Clinic never received "correspondence indicating a request" for these services. *Id.* at 25.

The Clinic's Manager also reported that Mr. De Peza had engaged in repeated threatening and disruptive behaviors. For example, when the Clinic refused to fill Mr. De Peza's prescription for opioid medication because he would not adhere with applicable refill requirements, Mr. De Peza threatened VA employees that "[i]f you do not fill this at the end of the day, I will blow [the Clinic employees] out and will make sure you will be out of office." *Id.* at 20. Given his "threats and intimidation," the Clinic removed him as a patient. *Id.* at 24. But the Clinic's Manager noted that Mr. De Peza could continue to receive reimbursed care for his service-connected disability at participating local facilities through the Foreign Medical Program.

The Veterans Court considered the facts surrounding Mr. De Peza's treatment and concluded that the "VA has been working in a timely and legal manner to resolve the various disagreements raised by the petitioner. To the extent the petitioner disagrees with the merits of VA's determinations, he can appeal those decisions." *Id.* at 7. Thus, on December 17, 2018, it dismissed the petition as moot because "the desired relief of the petition has been obtained." *Id.* at 7.

Prior to dismissal, Mr. De Peza "moved for leave to file an amended petition for extraordinary equitable and collective relief and to join additional petitioners currently

being treated." *Id.* at 7. He also filed a motion disputing the record before the agency. The Veterans Court denied these motions when it dismissed the petition.

## II

We have limited jurisdiction over appeals from the Veterans Court. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). We may review denials of a writ of mandamus if they involve a non-frivolous constitutional claim or the interpretation of a regulation or statute. *See* 38 U.S.C. § 7292(a); *Beasley v. Shinseki,* 709 F.3d 1154, 1157–58 (Fed. Cir. 2013). We may not, however, review factual challenges or the application of law to fact. *See* 38 U.S.C. § 7292(d)(2).

The Veterans Court considered the facts of the case, including Mr. De Peza's allegations and the VA's response, and determined Mr. De Peza's claims did not warrant a writ of mandamus. In reaching this conclusion, the Veterans Court did not decide any questions of law. Instead, it made factual findings and applied the law to those facts. On appeal, Mr. De Peza has not made any non-frivolous argument involving a constitutional claim or an error in statutory interpretation. Thus, we lack jurisdiction over Mr. De Peza's claims.

Mr. De Peza's main argument is that the Veterans Court violated his "due process" rights. But his allegations are in "name only" and lack explanation. *See Helfer*, 174 F.3d at 1335. Thus, the Veterans Court did not decide any constitutional issues which might give us jurisdiction over Mr. De Peza's claims.

The Veterans Court's denial of Mr. De Peza's other motions, concurrent with the dismissal of the petition for writ of mandamus, is also outside our jurisdiction. Any joinder is rendered not justiciable by the prior mootness of Mr. De Peza's claim. *See Genesis Healthcare Corp. v. Symcyzk*, 569 U.S. 66, 69 (2013). And if the petitioner disagrees with the merits of the VA's determinations or the record, we agree

with the Veterans Court that he can appeal those decisions and achieve the same relief he seeks through his mandamus petition.

## III

We have considered Mr. De Peza's remaining arguments and find them unpersuasive. Because we lack jurisdiction over his claims, we dismiss.

**DISMISSED**

No costs.