NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ISHMEAL W. JEMMOTT, JR.,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2020-1844

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-1255, Judge Coral Wong Pietsch.

_____

Decided: November 4, 2020

_____

ISHMEAL W. JEMMOTT, JR., Jacksonville, FL, pro se.

NATHANAEL YALE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM.

_____

Before MOORE, O'MALLEY, and TARANTO, *Circuit Judges*.

PER CURIAM.

Ishmeal W. Jemmott, Jr., appeals an order of the United States Court of Appeals for Veterans Claims (Veterans Court) denying his petition for a writ of mandamus. *See Jemmott v. Wilkie*, No. 20-1255, 2020 WL 1894644 (Vet. App. Apr. 17, 2020). Because we lack jurisdiction, we *dismiss*.

## BACKGROUND

Mr. Jemmott served on active duty in the United States Army from September to December 1981 and during the Persian Gulf War from July 1991 to August 1992. In 2008, Mr. Jemmott filed a claim requesting entitlement to service connection for sleep apnea. The regional office denied Mr. Jemmott's claim in a July 6, 2009, rating decision. In 2010, Mr. Jemmott filed a Notice of Disagreement with the Board of Veterans Appeals. Following the Board's remand to the regional office in May 2012 and February 2013, and Mr. Jemmott's testimony at a travel board hearing in July 2012, the Board denied service connection for sleep apnea in 2016. Mr. Jemmott appealed to the Veterans Court, which in 2017 vacated the Board's 2016 decision and remanded for additional development. In early 2019, the Board remanded Mr. Jemmott's claims to Decisions Review Operation Center DC to schedule medical exams. Later that year, the regional office reaffirmed its claim denial, and thereafter, the Board again remanded for further development. On remand, in 2020, the regional office once again reaffirmed its denial, and the Board has yet to review that reaffirmance.

On February 12, 2020, Mr. Jemmott filed a petition for a writ of mandamus, claiming the VA had unreasonably delayed issuing a decision on his sleep apnea claims and asking the Veterans Court to compel the VA to issue a decision. Considering the relevant factors, the Veterans

Court denied Mr. Jemmott's request. *Jemmott v. Wilkie*, No. 20-1255, 2020 WL 1894644 (Vet. App. Apr. 17, 2020) (applying the *TRAC* factors adopted in *Martin v. O'Rourke*, 891 F.3d 1338, 1345 (Fed. Cir. 2018)).

## DISCUSSION

Our jurisdiction over decisions of the Veterans Court is limited. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

We lack jurisdiction over Mr. Jemmott's appeal. Contrary to Mr. Jemmott's contentions, the Veterans Court did not interpret a statute, announce a rule of law, or address any constitutional issue. *See* Appellant's Informal Br. at 1. Instead, it only applied the well-established *TRAC* factors to Mr. Jemmott's petition. And Mr. Jemmott has not raised a non-frivolous legal question implicated by the Veterans Court's application of those factors. *See Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). Thus, we lack jurisdiction over Mr. Jemmott's arguments. *See* 38 U.S.C. § 7292(d)(2); *Thomas v. Wilkie*, 816 F. App'x 450, 453 (Fed. Cir. 2020). To the extent Mr. Jemmott challenges the denial of his underlying claim for service connection for sleep apnea, that denial is not before us in this appeal. We therefore do not reach that issue.

## CONCLUSION

Because we lack jurisdiction over Jemmott's appeal of the Veterans Court's denial of his petition for mandamus, we *dismiss*.

## DISMISSED

4                                          JEMMOTT v. WILKIE

## COSTS

No costs.