NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HAROLD W. VAN ALLEN,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7100

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-1935, Judge William A. Moorman.

---

Decided: January 12, 2016

---

HAROLD W. VAN ALLEN, Hurley, NY, pro se.

MELISSA L. BAKER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; Y. KEN LEE, BRANDON A. JONAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge*, REYNA and WALLACH, *Circuit Judges.*

PER CURIAM.

Appellant Harold Van Allen appeals the decision of the United States Court of Appeals for Veterans Claims ("CAVC"), which denied his petition for writ of mandamus. *See Van Allen v. McDonald*, No. 15-1935, 2015 WL 3767103 (Vet. App. June 17, 2015). For the reasons set forth below, we affirm the CAVC's denial of writ of mandamus.

## BACKGROUND

Mr. Van Allen served on active duty in the Navy from 1973 to 1978. In 2006, the Department of Veterans Affairs ("VA") awarded Mr. Van Allen service connection for his suprasellar arachnoid cyst. In 2011, Mr. Van Allen sought "[s]ervice connection for sleep apnea as secondary to the service connected disability post-operative residuals surgery from malocclusion of [the] seventh cranial nerve weakness." Appellee's Suppl. App. 9. Mr. Van Allen asserted the sleep apnea was a result of mandibular setback surgery (jaw surgery) that he underwent in 1975. *See id.* at 26–27. In October 2013, the Albany, New York VA Regional Office denied Mr. Van Allen's sleep apnea claim.

In July 2013, prior to the VA's denial of Mr. Van Allen's claim of service connection for sleep apnea, he filed a petition for writ of mandamus with the CAVC, "seeking the [CAVC] to compel the Albany, New York VA [R]egional [O]ffice [] to act on his claims." *Van Allen v. Shinseki*, No. 13-2235, 2014 WL 266370, at *1 (Vet. App. Jan. 24, 2014). The CAVC denied Mr. Van Allen's petition because he had "obtained the relief requested in his petition: VA action on his claims." *Id.* at *3. The CAVC

also informed Mr. Van Allen of his right to submit a Notice of Disagreement to the Albany, New York VA Regional Office. *Id.*

On October 9, 2013, the Albany, New York VA Regional Office received Mr. Van Allen's Notice of Disagreement and ultimately affirmed the denial of his claim in April 2015. The Albany, New York VA Regional Office noted the "[s]ervice connection was denied because the available medical evidence did not show [Mr. Van Allen's] condition resulted from, or was aggravated by, a service-connected disability." Appellee's Suppl. App. 26. In April 2015, Mr. Van Allen filed a substantive appeal as to this claim. *See Van Allen*, 2015 WL 3767103 at *1.

In addition to his substantive sleep apnea appeal, Mr. Van Allen filed a second petition for writ of mandamus with the CAVC in May 2015. This petition requested that the CAVC issue an order directing the Albany, New York VA Regional Office "to immediately certify the Record on Appeal to the Board of Veterans' Appeals . . . regarding his claim of entitlement to service connection for sleep apnea as secondary to his service-connected residuals of the 1975 in-service jaw (mandibular) setback surgery." *Id.* (internal quotation marks and citation omitted). The CAVC denied Mr. Van Allen's petition, noting the documentation submitted with his petition demonstrates "that VA has been acting on his claim" and he has "not shown that he is entitled to relief at this time because he only recently submitted his Substantive Appeal to the Board [of Veterans' Appeals] and has not yet provided the [Albany, New York VA Regional Office] with the opportunity to act on it." *Id.* Mr. Van Allen subsequently appealed the CAVC's denial of his petition for writ of mandamus.

## DISCUSSION

Mr. Van Allen challenges the CAVC's denial of his petition for a writ of mandamus. *See* Appellant's Br. 1–2. Specifically, he requests that this court issue a writ of

mandamus ordering the CAVC to "consolidate all active appeals and reinstate original proceeding appeal 2012-5012 related [United States Court of Federal Claims] case[s]." *Id.* at 2.

## I. The CAVC Did Not Abuse Its Discretion or Commit Legal Error in Denying the Petition for Writ of Mandamus

We have limited jurisdiction to review decisions of the CAVC. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). This court has "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2012). "Absent a constitutional issue, however, we lack the jurisdiction to 'review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.'" *Wanless*, 618 F.3d at 1336 (quoting 38 U.S.C. § 7292(d)(2)).

We have held that despite our "limited jurisdiction to review facts of a veteran's underlying claim, . . . '[i]t is unlikely that [§ 7292(d)(2)] was intended to insulate from our review [the CAVC's] decisions under the All Writs Act,' 28 U.S.C. § 1651(a) (2012), i.e., the relevant law authorizing writs of mandamus." *McChesky v. McDonald*, No. 2015-7089, 2015 WL 8773064, at *2 (Fed. Cir. Dec. 15, 2015) (first and second alterations in original) (quoting *Lamb v. Principi,* 284 F.3d 1378, 1381 (Fed. Cir. 2002)).

Section 7292 also provides this court

> shall hold unlawful and set aside any regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision of the [CAVC] that [this court] finds to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or

(D) without observance of procedure required by law.

38 U.S.C. § 7292(d)(1). The "denial by the [CAVC] of a petition for writ of mandamus may be reviewed when the decision 'raises a non-frivolous legal question.'" *McChesky*, 2015 WL 8773064 at *3 (quoting *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013)). "[W]e must determine whether the [CAVC] 'abused its discretion or committed other legal error' in denying mandamus." *Id.* (quoting *Lamb*, 284 F.3d at 1384).

Congress has expressly stated that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976) (citations omitted).

In determining whether petitions for writ of mandamus may be granted, the Supreme Court has articulated three conditions that must be satisfied:

First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner

must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable. Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004) (internal quotation marks, citations, and brackets omitted).

Mr. Van Allen fails to raise any constitutional issue regarding the CAVC's denial of his petition for writ of mandamus. *See* Appellant's Br. 1 (checking "no" in response to question three). Rather, Mr. Van Allen contends the CAVC's decision involved the validity or interpretation of a statute or regulation. *Id.* He failed, however, to provide any information beyond checking "yes" to question two in his informal brief.

Mr. Van Allen further indicated the matter was non-final, because he was "[s]till awaiting [the Board of Veterans' Appeals] . . . decision." *Id.* at 2 (capitalization omitted). Because that motion remains pending and the Board of Veterans' Appeals has not completed its review of Mr. Van Allen's claims, his request fails the first element under *Cheney*. Put another way, Mr. Van Allen has "other adequate means to attain the relief he desires . . . ." *Cheney*, 542 U.S. at 380–81 (internal quotation marks and citations omitted).

Accordingly, we find the CAVC did not abuse its discretion in denying Mr. Van Allen a writ of mandamus. Mr. Van Allen's adequate remedy lies with the Albany, New York VA Regional Office and the Board of Veterans' Appeals.

CONCLUSION

Accordingly, the decision of the United States Court of Appeals for Veterans Claims is

## **AFFIRMED**

COSTS

Each party shall bear its own costs.