NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL L. SHILL, SR.,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-2008

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-3175, Chief Judge Robert N. Davis, Judge Coral Wong Pietsch, Judge Margaret C. Bartley.

---

Decided: September 12, 2017

---

MICHAEL L. SHILL, SR., Roy, WA, pro se.

GEOFFREY MARTIN LONG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD; Y. KEN LEE, BRYAN

THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before DYK, LINN, and HUGHES, *Circuit Judges.*

PER CURIAM.

Michael L. Shill, Sr. appeals from a decision by the U.S. Court of Appeals for Veterans Claims denying his petition for extraordinary relief in the form of a writ of mandamus. Because the Veterans Court did not err in denying Mr. Shill's petition, we affirm.

I

In February 2016, Mr. Shill filed his first petition with the Veterans Court seeking extraordinary relief in the form of a writ of mandamus. Mr. Shill asserted that the Secretary had failed to acknowledge all of the issues he raised in a March 2015 Notice of Disagreement and had not properly handled his benefits claim. In March 2016, the court ordered the Secretary to respond. The Secretary notified the court that "he has communicated with the petitioner and that the petitioner is now satisfied with the status of his claims." FP 32.[1] Based on that assurance, the court dismissed Mr. Shill's petition, noting that he was free to file a new petition "[i]f the Secretary's future actions do not comport with the statement that he has given to the Court or the agreement that he has reached with the petitioner." FP 32.

Mr. Shill filed a second mandamus petition in September 2016, alleging that the Secretary did not adhere to their agreement that a December 5, 2012 document would not be interpreted as a new claim for entitlement to

_____

[1] All citations are to the appendix attached to Petitioner's Informal Brief.

disability benefits. Mr. Shill submitted a transcript that the court found "strongly suggest[s] that the Secretary's representative verbally agreed with the petitioner that his December 2012 submission would not be construed to be a new claim." FP 76. The court noted that "the petitioner has accused [the Secretary] of a classic bait and switch executed for the purpose of obtaining a dismissal of his earlier petition," and ordered the Secretary to "demonstrate why that is not the case." FP 77. In a later order, the court noted that the Secretary's response was "unacceptable" because "[i]t appear[ed] that he made no attempt to verify the transcript or analyze its contents." FP 92–93.

Ultimately, the court concluded that although it was "troubled by what has happened here," the factual dispute regarding whether or not the Secretary had entered into an agreement regarding the December 2012 submission "should be decided by the Board and then reviewed by the Court." FP 98. Because the Secretary had not prevented Mr. Shill "from accessing the VA adjudicatory process[,] . . . it would be improper for the Court to interject in that process at this time." FP 98. Mr. Shill appeals. We have jurisdiction pursuant to 37 U.S.C. § 7292(a), (c), (d)(1).

## II

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292 (2012). We have exclusive jurisdiction to decide appeals that challenge a decision of the Veterans Court with respect to a rule of law, including the interpretation or validity of any statute or regulation. *Id.* § 7292(a), (d)(1). However, we do not have jurisdiction to review a factual determination or a law or regulation as applied to the facts of a particular case, except to the extent an appeal presents a constitutional issue. *Id.* § 7292(d)(2).

To obtain relief in a petition for mandamus, "the petitioner must show (1) that he has a clear legal right to relief; (2) that there are no adequate alternative legal channels through which the petitioner may obtain that relief, and (3) that the grant of mandamus relief is appropriate under the circumstances." *Beasley v. Shinseki*, 709 F.3d 1154, 1157 (Fed. Cir. 2013). We have jurisdiction to review "whether the petitioner has satisfied the legal standard for issuing the writ." *Id.* at 1158.

In this case, the court determined that although Mr. Shill may have a legal right to relief, there were other adequate alternative legal channels for him to pursue. We agree. Ultimately, the relief sought by Mr. Shill was for the December 2012 submission to not be construed as a new claim by the Secretary. Mr. Shill may present his argument concerning the December 2012 submission and the alleged March 2012 agreement to the Board and then, if necessary, to the Veterans Court on appeal. Although seeking review from the Board may delay resolution of this issue, it will not prevent him from ultimately obtaining relief. Accordingly, the Veterans Court did not err in denying Mr. Shill's petition.

We affirm.

## AFFIRMED

No costs.