NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SETH HOOPER,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1738

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-0219, Judge Coral Wong Pietsch.

---

Decided:  September 7, 2022

---

SETH HOOPER, Hoboken, NJ, pro se.

JOSHUA MOORE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM.

Seth A. Hooper appeals an order of the Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. Mr. Hooper's mandamus petition sought to expedite matters before the Board of Veterans' Appeals ("Board")—he requested that the Veterans Court compel the Secretary of Veterans Affairs to issue docket numbers for and advance his Board appeals. This appeal presents challenges only to the Veterans Court's factual determinations and its application of a settled legal standard to the circumstances of Mr. Hooper's petition. Because the appeal does not raise legal issues within our limited jurisdiction, we dismiss.

## BACKGROUND

Mr. Hooper is a veteran who served several tours on active duty. In January 2020, after a series of challenges to his education benefit level, the Board determined his benefit level at 100 percent. S.A. 65.[1] The Veterans Affairs Regional Office ("RO") then calculated a dollar amount of corresponding retroactive entitlements. S.A. 41–45. Mr. Hooper challenged that determination as an underpayment of $3,138.58 and he cited a discrepancy between calculations in an earlier RO letter as evidence of error. S.A. 49–51. The Board remanded and suggested that the RO determine which calculation was correct and explain why. S.A. 51. In October 2020, the RO provided additional explanation for its calculation but did not increase the award amount. S.A. 41. When Mr. Hooper appealed the October 2020 RO decision, the Board remanded for

---

[1]    S.A. refers to the appendix submitted with the government's informal response brief.

recalculation again. S.A. 30–33. In May 2021, on remand, the RO awarded Mr. Hooper an additional $501.20. S.A. 24. In July 2021, Mr. Hooper simultaneously filed a notice of disagreement ("NOD") with the May 2021 RO decision and a motion for advancement on the docket ("MFA"). Appellant's Informal Br. Att. 1.[2]

In January 2022, Mr. Hooper filed the mandamus petition at issue here. S.A. 7–12. He asked the Veterans Court to compel the Secretary to issue a docket number for the July 2021 NOD and rule on the simultaneously filed MFA. The petition also sought to compel action on a separate disability appeal—extended discussion of which is unnecessary here—that was remanded from the Veterans Court to the Board in December 2021. As with the July 2021 NOD and MFA, Mr. Hooper sought a docket number for the remanded case and for the Board to act on it. S.A. 12.

The Veterans Court denied Mr. Hooper's petition. *Hooper v. McDonough*, No. 22-0219, 2022 WL 278226, at *2 (Vet. App. Jan. 31, 2022) ("*CAVC Op.*"). With respect to the remanded case, the Veterans Court concluded that since the mandate had yet to issue and the case had not been returned to the Board, the Board had not delayed. *Id.* at *1. The court declined to grant relief based on the possibility of future delay. *Id.* As for the July 2021 NOD and MFA, the court determined that this claim was also based on an assertion of unreasonable delay and was subject to an analysis of the factors outlined in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79 (D.C. Cir. 1984) ("*TRAC*"), which we adopted in *Martin v. O'Rourke*, 891 F.3d 1338, 1348 (Fed. Cir. 2018). *CAVC Op.*, 2022 WL 278226, at *1. Based on its analysis of the *TRAC* factors, the Veterans Court concluded that the circumstances did

---

[2]  We cite Mr. Hooper's exhibits by the attachment numbers given because they do not include page numbers.

not warrant a writ of mandamus based on unreasonable delay.  Mr. Hooper timely appealed.

### DISCUSSION

Our review of Veterans Court decisions is limited.  In the absence of a constitutional issue, we lack jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  38 U.S.C. § 7292(d)(2).  Our review does, however, extend to "relevant questions of law."  *Id.* § 7292(d)(1).  And, when "presented and necessary to a decision," we have jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof."  *Id.* § 7292(c).

Likewise, the scope of our mandamus review is limited.  Our jurisdiction extends to those determinations on "mandamus petitions that raise legal issues otherwise within our jurisdiction."  *Beasley v. Shinseki*, 709 F.3d 1154, 1157 (Fed. Cir. 2013).  For example, we have reviewed whether the Veterans Court applied the correct legal standard when ruling on a mandamus petition, *Mote v. Wilkie*, 976 F.3d 1337, 1340 (Fed. Cir. 2020), and interpreted statutes when a petitioner's legal right to relief depended on that interpretation, *Beasley*, 709 F.3d at 1158–59; *Wolfe v. McDonough*, 28 F.4th 1348, 1358 (Fed. Cir. 2022).  But "we do not interfere with the [Veterans Court's] role as the final appellate arbiter of the facts underlying a veteran's claim." *Beasley*, 709 F.3d at 1158.

Mr. Hooper's challenge here does not raise any legal issues within our jurisdiction.  He does not contest the legal standard applicable to his unreasonable-delay petition. Mr. Hooper's petition urged the Veterans Court to apply the *TRAC* factors.  S.A. 9–10.  The Veterans Court did so. Here, Mr. Hooper challenges only the determination that they did not weigh in his favor.  For example, he contends that the Veterans Court erred in concluding, during its analysis of the fourth *TRAC* factor, that granting his

petition would shift resources away from adjudicating other veterans' claims. Instead of presenting legal questions, Mr. Hooper's arguments merely raise issues about factual findings and the application of a settled (and unchallenged) legal standard to the facts of this case.

Further, the Veterans Court's decision did not depend on the validity or interpretation of any regulation or statute. Mr. Hooper argues that the Veterans Court decision involved an interpretation of 38 C.F.R. § 20.800(c)(3).[3] Appellant's Informal Br. 1–2. But the denial of mandamus did not depend on § 20.800(c)(3) or otherwise rest on an interpretation of it. Rather, the Veterans Court relied on the *TRAC* factors to determine whether the delay Mr. Hooper experienced was unreasonable and warranted mandamus—without any discussion or implicit reliance on § 20.800(c)(3). And an interpretation of § 20.800(c)(3) does not bear upon the issues presented to this court either. Thus, Mr. Hooper's arguments about § 20.800(c)(3) do not raise any issues within our jurisdiction.

Mr. Hooper contends that his procedural due process rights are implicated here. Appellant's Informal Br. 2. He

---

[3] We assume that Mr. Hooper made this argument with respect to CAVC No. 22-0219, though it is not clear if he intended to do so. His opening brief cited CAVC No. 20-7967 as the case supplying the order giving rise to this appeal. Appellant's Informal Br. 1. The order in that case did discuss the meaning of 38 C.F.R. § 20.800(c)(3). S.A. 36. But the government's response noted that the Notice of Docketing in this court listed CAVC No. 22-0219 as the originating case and that an appeal in CAVC No. 20-7967 would have been untimely. Appellee's Informal Br. 1 n.1. Mr. Hooper's reply acknowledged that CAVC No. 20-7967 is not at issue here and attached the order from CAVC No. 22-0219 as the "correct order and judgment on appeal." Appellant's Informal Reply Br. 1.

argues that his procedural due process rights were violated when (1) the Veterans Court "ignored the timeframe specified by [38 C.F.R. § 20.800(c)(3)]" in denying his petition and (2) the docket numbers were not issued in a "timely" manner, preventing him from tracking and ensuring the timely adjudication of motions filed on the docket. Appellant's Informal Br. 2. But Mr. Hooper did not present either of these arguments to the Veterans Court. And because Mr. Hooper's arguments on this point "appear[] to be aimed at the merits of [his] claim" without "rais[ing] a separate constitutional issue" they do not confer jurisdiction. *Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007). Mere characterization of an issue as a constitutional one is insufficient. *Id.* Although framed in terms of due process, these arguments are not separate from Mr. Hooper's unsuccessful underlying claim that the Board's delay in assigning docket numbers and ruling on his MFA was unreasonable. *Cf. Mote*, 976 F.3d at 1346 ("In *Martin*, we addressed appellants' separate due process claims and observed that 'a claim that a plaintiff has been denied due process because of delayed agency action is essentially no different than an unreasonable delay claim.'" (quoting *Martin*, 891 F.3d at 1348)).

### CONCLUSION

We have considered Mr. Hooper's remaining arguments but find them unpersuasive. Because Mr. Hooper's appeal raises no issues within our limited jurisdiction, we dismiss.

### DISMISSED

#### COSTS

No costs.