NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALEXANDER B. WILSON, JR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1008

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-4530, Judge Amanda L. Meredith.

-------------------------------------------------

**ALEXANDER B. WILSON, JR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1568

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-5354, Judge Amanda L. Meredith.

———————————

Decided:  November 6, 2024

———————————

ALEXANDER B. WILSON, JR., Columbia, SC, pro se.

BRYAN MICHAEL BYRD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee in 2024-1008.  Also represented by AN HOANG, MARTIN F. HOCKEY, JR., in 2024-1568.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

———————————

Before LOURIE, REYNA, and HUGHES, *Circuit Judges*.

PER CURIAM.

Alexander B. Wilson, Jr. appeals from two decisions of the United States Court of Appeals for Veterans Claims ("the Veterans Court") dismissing his petitions for extraordinary relief in the form of a writ of mandamus. *Wilson v. McDonough*, No. 23-4530, 2023 WL 5542817 (Vet. App. Aug. 29, 2023) ("*First Dismissal*"); *Wilson v. McDonough*, No. 23-5354, 2023 WL 6057391 (Vet. App. Sept. 15, 2023) ("*Second Dismissal*").  We *dismiss* his appeals for lack of jurisdiction.

## BACKGROUND

Wilson served on active duty in the military from June 1977 to April 1978.  On April 23, 2023, Wilson allegedly filed a claim for disability compensation for paranoid type schizophrenia at the Department of Veterans Affairs ("the

agency"). *First Dismissal*, at *1. Then, on July 18, 2023, Wilson filed, *pro se*, a petition for relief in the form of a writ of mandamus with the Veterans Court, alleging unreasonable delay in the processing of that claim. *Id.* However, Wilson did not include any supporting documents with his petition that allowed the Veterans Court to understand the basis of his request for relief, and did not specify what, if any, actions he had taken to resolve the matter with the agency. *Id.* Accordingly, the Veterans Court dismissed Wilson's petition for failing to comply with Veterans Court Rule 21(a),[1] but did so without prejudice, allowing him to refile should he be able to supply the missing information.

On August 29, 2023, the same day that the Veterans Court dismissed Wilson's first petition, Wilson filed a new pleading, which the Veterans Court construed as a second petition for extraordinary relief. *See Second Dismissal*, at *1. In that petition, Wilson again asked the Veterans Court to compel the Secretary to adjudicate his claim for disability compensation for paranoid type schizophrenia. *Id.* He alleged that the agency had denied his claim in May

---

[1]    Veterans Court Rule 21(a) for "Extraordinary Relief" requires a petition to:

> (1) state the precise relief sought; (2) state the facts necessary to understand the issues presented by the petition; (3) state the reasons why the Court should grant the petition, including why the petitioner has a clear and indisputable right to the writ and why there are inadequate alternative means to obtain the relief sought; (4) include an appendix containing copies of any order or decision or any other documents necessary to understand and support the petition; and (5) describe any public officer who is a respondent by name and official title.

U.S. Vet. App. R. 21(a).

2021 and that he was informed in July 2021 that an appeal had been placed for review by the Board of Veterans' Appeals ("the Board"). *Id.* He also alleged that, because the average time to resolve an appeal at the Board was 365 days, the Board had unreasonably delayed adjudicating his claim. *Id.* With his petition, he included the July 2021 letter from the Board that his appeal had been docketed. *Id.*

The Veterans Court concluded that Wilson's second petition failed for reasons similar to his first. Specifically, the Veterans Court noted that the second petition did not contain a statement whether Wilson had a clear and indisputable right to a writ or reasons why there were inadequate alternative means to obtain the relief he sought. *Id.* at *2. Further, the Veterans Court observed that the July 2021 letter from the Board included in the petition "d[id] not reflect whether that appeal pertain[ed] to a claim for benefits for schizophrenia." *Id.* As before, the Veterans Court dismissed the petition without prejudice to allow Wilson another opportunity to seek relief if he could comply with Veterans Court Rule 21(a). *Id.*

A few days after the Veterans Court's dismissal of the second petition, Wilson submitted additional correspondence, which the Veterans Court construed as a motion for reconsideration of that dismissal. For the first time in that correspondence, Wilson asserted that he had a clear and indisputable right to the writ and that he lacked alternative means to obtain the relief he sought. However, the Veterans Court observed that he had still not submitted sufficient evidence to establish that he had an appeal pertaining to disability compensation for schizophrenia pending at the agency or the Board. Accordingly, the Veterans Court denied Wilson's motion for reconsideration.

Wilson appealed the Veterans Court's decisions to this court, seeking to invoke our jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Pursuant to 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

That limited jurisdiction restricts our ability to review the Veterans Court's decisions on petitions for writs of mandamus. *See Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). A writ of mandamus is a "drastic" remedy that should only be invoked in "extraordinary situations." *Kerr v. U.S. Dist. Ct. for N. Dist. of California*, 426 U.S. 394, 402 (1976). Three conditions must be satisfied for a court to issue a writ: (1) there must be a lack of alternative means for review; (2) there must be a clear and undisputable right to the writ; and (3) the issuance must be warranted. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). Our jurisdiction allows us to "review the [Veterans Court]'s decision whether to grant a mandamus petition that raises a non-frivolous legal question." *Beasley*, 709 F.3d at 1158. Although "we may not review the factual merits of the veteran's claim, [ ] we may determine whether the [veteran] has satisfied the legal standard for issuing the writ." *Id.*

Wilson has not made a showing sufficient to invoke our jurisdiction here. Wilson does not purport to challenge on appeal any legal determination of the Veterans Court in its decisions dismissing his petitions for a writ. *See* Wilson's Informal Br. at 1–2, Appeal No. 24-1008 (indicating that Wilson has no arguments regarding the Veteran's Court

decision on any legal, constitutional, or other issue); Wilson's Informal Br. at 1–2, Appeal No. 24-1568 (same). Indeed, we do not discern any non-frivolous legal issue sufficient to give us jurisdiction in the Veterans Court's determinations that Wilson had not set forth sufficient information to warrant a writ.

Wilson does urge this court to "compel the Secretary to adjudicate service connection compensation" pursuant to 38 U.S.C. § 1915. *See* Wilson's Informal Br. at 3, Appeal No. 24-1008. As the Secretary points out, however, that statute relates to the Secretary's obligations to provide certain benefits to veterans holding National Service Life Insurance policies. *See* § 1915. We see no evidence in the record that Wilson has, or has alleged to have, such a policy. In any event, construing Wilson's pleadings liberally, as we must, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we understand Wilson to be seeking resolution from the agency on his claim for disability benefits. We sympathize with Wilson's position. However, we are compelled to dismiss his appeals because there is no basis to assert our jurisdiction over the Veterans Court's determination that Wilson had not provided sufficient information (*e.g.*, evidence of his claim pending before the agency or Board) to allow the Court to consider the merits of his request for such extraordinary relief.

## CONCLUSION

For the foregoing reasons, we *dismiss* Wilson's appeals for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.