NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD A. PROCEVIAT,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2023-1439

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-5432, Chief Judge Margaret C. Bartley, Judge Michael P. Allen, Judge Scott Laurer.

---

Decided: September 8, 2023

---

RICHARD A. PROCEVIAT, Elma, Manitoba, Canada, pro se.

ELINOR JOUNG KIM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; AMANDA BLACKMON, Y. KEN LEE, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before PROST, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Richard A. Proceviat appeals an order of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") dismissing in part and denying in part his petition for a writ of mandamus. For the reasons below, we affirm.

## BACKGROUND

Mr. Proceviat served in the U.S. Army from June 1970 to February 1972 and is a veteran of the Vietnam Era. Mr. Proceviat seeks service connection for rheumatoid arthritis ("RA"). In September 2016, Mr. Proceviat sought to reopen a previous denial of service connection for RA. In connection with his re-opened claim, in March 2018 the Department of Veterans Affairs ("VA") provided Mr. Proceviat with a medical examination. Based on the results of that examination, the VA Regional Office ("RO") determined that Mr. Proceviat's RA "was not incurred in or aggravated by military service." S.A. 93.[1] The VA denied his claim on April 2, 2018.

In January 2019, Mr. Proceviat filed a notice of disagreement. Objecting to the VA medical examiner's opinion, Mr. Proceviat sought copies of the examiner's curriculum vitae ("CV"), the examination notes, and "the specific medical literature that was relied upon in the VA examiner's negative nexus opinion." S.A. 89. He also requested an independent medical opinion ("IMO"). S.A. 91.

After receiving no response over a year and a half later, on July 27, 2020, Mr. Proceviat petitioned the Veterans

————————————

[1]    "S.A." refers to the supplemental appendix submitted with the government's informal brief.

Court for a writ of mandamus to compel the VA to address his unfulfilled requests: namely, to provide the requested CV, examination notes, medical literature, and IMO. S.A. 85–86. The Veterans Court ordered the VA to respond. The Secretary accordingly provided Mr. Proceviat with the medical examiner's CV but did not address any of his other requests. The VA nonetheless argued its response rendered the mandamus petition moot. S.A. 83.

On September 23, 2020, the Veterans Court agreed and dismissed Mr. Proceviat's mandamus petition. S.A. 76–77. On October 26, 2020, Mr. Proceviat sought reconsideration, noting that he had requested more than the examiner's CV alone. S.A. 73–75. On reconsideration, the Veterans Court withdrew its September 2020 order and directed the VA to address the outstanding requests. S.A. 70–72. The VA mailed Mr. Proceviat a letter stating that no examination notes exist and provided Mr. Proceviat with a link to a general online repository of medical literature. S.A. 63. The court deemed this response sufficient. On December 17, 2020, it dismissed this portion of the mandamus petition, and it additionally denied the petition with respect to the IMO request because Mr. Proceviat could seek an IMO through the ordinary appellate process. S.A. 58–60. A three-judge panel adopted the single-judge order. S.A. 47–48.

On September 16, 2021, this court vacated and remanded to the Veterans Court. *Proceviat v. McDonough*, Case No. 2021-1810, 2021 WL 4227718 (Fed. Cir. Sept. 16, 2021). We held that the Veterans Court erred in dismissing the petition as moot because the VA had not provided Mr. Proceviat with the specific medical literature relied on by the examiner, and therefore, he "ha[d] not been provided all his requested relief." *Id.* at *2. Regarding Mr. Proceviat's IMO request, we determined that the petition could have been requesting either "a writ compelling the VA *to provide him* an [IMO]," or it "may have been requesting a writ compelling the VA *to issue a decision* on his request for an [IMO]." *Id.* at *3. While there was no legal error

under the first interpretation, "the Veterans Court failed to apply the correct legal framework under the second interpretation." *Id.* We explained that "[w]hen a mandamus claim is based on unreasonable delay, the Veterans Court must apply the six-factor [*TRAC*] test," and failure to do so is legal error.[2] *Id.* at *2. Our decision remanded for the Veterans Court to apply the *TRAC* factors to the unreasonable delay claim. *Id.* at *3.

On remand, the VA provided a series of updates on its response to Mr. Proceviat's requests, including its response to a new request made in a February 2022 supplement to the petition, *see* S.A. 31, requesting the pre-opinion instructions provided to the medical examiner:

> (1) the medical literature on which the March 2018 VA examiner relied no longer exists in any format and no one has a copy of the material; (2) petitioner was notified on February 7, 2022, that his request for an IMO was denied; (3) on March 22, 2022, petitioner "expressed disagreement" with VA's denial of his request for an IMO; (4) petitioner was provided a copy of the March 2018 VA examiner's "pre-opinion" instructions; (5) petitioner's appeal concerning his claim for service connection for rheumatoid arthritis will continue to proceed as a legacy appeal at the Board; and (6) petitioner's appeal was "formally placed on the Board's docket on August 11, 2020."

S.A. 11–12. Based on these updates, on September 20, 2022, the Veterans Court issued an order that dismissed in

---

[2]   The "*TRAC*" factors stem from a decision in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984), which we adopted as the appropriate standard for assessing mandamus petitions alleging unreasonable delay, *Martin v. O'Rourke*, 891 F.3d 1338, 1348 (Fed. Cir. 2018).

part and denied in part the mandamus petition. S.A. 10–15.

The Veterans Court dismissed as moot the CV, examination notes, IMO, and pre-opinion instruction requests. S.A. 13. The court denied the petition as related to medical literature because that information is no longer obtainable and "if petitioner wishes to contest the adequacy of the March 2018 VA examination report relying on the fact that the underlying medical literature cannot be found, that is an issue that he can raise either during the administrative appeal process or in an appeal to this Court of an adverse Board decision relying on that evidence." S.A. 13. Finally, regarding potential unreasonable delay in addressing Mr. Proceviat's IMO request, the court considered the *TRAC* factors and concluded "they do not weigh in petitioner's favor." S.A. 14–15. A three-judge panel adopted the single-judge order. S.A. 2–3. Mr. Proceviat appeals.

## DISCUSSION

Although this court has limited jurisdiction to review decisions of the Veterans Court, 38 U.S.C. § 7292, we may "decide all relevant questions of law, including interpreting constitutional and statutory provisions," *Mote v. Wilkie*, 976 F.3d 1337, 1340 (Fed. Cir. 2020) (quoting 38 U.S.C. § 7292(d)(1)). Mootness is a question of law that falls within our jurisdiction. We also have jurisdiction to review the Veterans Court's decision "whether to grant a mandamus petition that raises a nonfrivolous legal question." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013).

## I

We agree with the Veterans Court that Mr. Proceviat's requests for the medical examiner's CV, notes from the March 2018 examination, and the examiner's pre-opinion instructions have each been rendered moot. A case becomes moot when a claimant receives all his requested relief. *Mote*, 976 F.3d at 1341. We conclude that Mr.

Proceviat has now received adequate responses to his requests.

First, the VA has provided Mr. Proceviat with the CV for the medical examiner who performed his March 2018 examination. S.A. 80. Because he received the requested CV, this issue is moot. Second, with respect to the examination notes, the VA explains that "any notes that the examiner made were provided in the medical opinion itself," and "there are not any additional notes from the March 2018 examiner." S.A. 63. As Mr. Proceviat received all relevant notes as part of the medical opinion and the VA has no knowledge or possession of any additional notes made by the medical examiner in relation to the March 2018 exam, this issue is also moot. Third, the record reflects that Mr. Proceviat received the pre-opinion instructions given to the medical examiner. S.A. 31–32. Mr. Proceviat's receipt of the pre-opinion instructions renders this request moot as well.

We affirm the Veterans Court's determination that Mr. Proceviat received his requested relief in relation to these requests.

## II

Mr. Proceviat principally argues on appeal that an IMO is required for the VA to decide his service-connection claim and that "[t]he proper remedy for an inadequate exam is for the Board to remand the case with an order for the VA to provide an adequate exam or explain why it will not or cannot do so." Informal Br. 4, 6 (citing 38 C.F.R. § 3.328; 38 U.S.C. § 5103A(d); 38 U.S.C. § 7109; 38 C.F.R. § 20.901(a), (d); *Barr v. Nicholson*, 21 Vet. App. 303, 311 (2007)). We recognized in our prior opinion that Mr. Proceviat's petition could be interpreted either as "requesting a writ compelling the VA *to provide him* an [IMO]" or as "requesting a writ compelling the VA *to issue a decision* on his request for an [IMO]." *Proceviat*, 2021 WL 4227718, at *3.

Regarding the first interpretation, which appears to be Mr. Proceviat's primary focus in this appeal, we previously explained that "mandamus is available only when a petitioner lacks adequate alternative means to obtain the desired relief" and noted that "Mr. Proceviat is free to seek an [IMO] in his direct appeal." *Id.* Since our prior opinion, the RO has at long last notified Mr. Proceviat that his request for an IMO has been denied. *See* S.A. 17, 41. The Board has advised the Secretary that it will address the denial of Mr. Proceviat's IMO request when it adjudicates the underlying service-connection claim. S.A. 17. Mr. Proceviat's appeal is currently pending before the Board.[3] Because the Board will address the IMO request in the direct appeal, Mr. Proceviat will be afforded an alternative means to pursue relief and is therefore not entitled to a writ compelling the VA to provide him an IMO. We see no clear error in the Veterans Court's denial of the petition in this respect.

Regarding the second interpretation and any potential unreasonable delay in issuing a *decision* on his IMO request, the VA has finally, as noted above, provided Mr. Proceviat with a decision: on February 7, 2022, the RO denied the request. S.A. 41. We recognized in our earlier decision that "the VA could moot [the unreasonable delay] portion of the petition by issuing a decision on Mr. Proceviat's request for an [IMO]." *Proceviat*, 2021 WL 4227718, at *3. We conclude that the issue is indeed now moot. Under our case law, the issuance of a decision on the matter at hand renders moot a petition challenging unreasonable delay. *Martin*, 891 F.3d at 1349. While we sympathize with Mr. Proceviat for the undue time it took the VA to

---

[3] Mr. Proceviat's appeal has been pending before the Board since August 11, 2020. S.A. 17. It is our hope that the Board will expeditiously address Mr. Proceviat's IMO request as part of the underlying claim.

address his repeated unresolved IMO requests, we are constrained to dismiss as moot this portion of his petition.

## III

Finally, we discern no clear error in the Veterans Court's denial of the petition as related to Mr. Proceviat's request for the medical literature on which the March 2018 examiner relied. We previously found this issue had been improperly dismissed as moot because the VA had not provided Mr. Proceviat with his requested relief. *Proceviat*, 2021 WL 4227718, at \*2. On remand, the VA explained that the examiner relied on information in an online repository that is constantly refreshed with new literature, medical studies, and other scientific findings. S.A. 40. For that reason, the VA contends that "based on the ephemeral nature of the literature," it is impossible to obtain the exact literature relied on at the time of the examination. S.A. 40. As the Veterans Court noted, it is a "truly bizarre principle that an agency can rely on evidence that now no longer exists to deny a veteran a benefit." S.A. 13. In any event, the VA rests on its position that the information is simply unobtainable. Whether that is the case presents a factual dispute outside our limited jurisdiction. *See* 38 U.S.C. § 7292(d)(2). Although Mr. Proceviat has still not received the requested literature, we agree with the Veterans Court that the issue may be raised either during an administrative appeal or in relation to a Board decision relying on the unavailable evidence. Because of the availability of alternative relief, the Veterans Court appropriately denied the mandamus petition.

## CONCLUSION

For the foregoing reasons, the decision of the Veterans Court is affirmed.

## **AFFIRMED**

## COSTS

No costs.